# GEORGE C. PEAK

*v.*

# THE PEOPLE OF THE STATE OF ILLINOIS.

1. BASTARDY—*appeal does not lie to the circuit court.* The act of 1871-2 to increase the jurisdiction of county courts, limits appeals and writs of error which are thereby allowed, to cases under that act; and jurisdiction in bastardy cases not being conferred by that act, but by another, which gives no right of appeal, such cases can not be taken by appeal from the county court to the circuit court.

2. JURISDICTION—*can not be conferred by consent on courts in which the law does not vest it.* The fact that a defendant in a bastardy proceeding takes an appeal from the county court to the circuit court, can not confer jurisdiction on that court. Consent of parties can not confer jurisdiction upon a court in which the law has not vested it.

3. SAME—*effect of reversal of judgment for want of, in the circuit court, on appeal from county court.* Where a judgment of the circuit court, on an appeal from the county court, is reversed, for want of jurisdiction in the circuit court to entertain the appeal, the judgment of the county court is left in force.

APPEAL from the Circuit Court of Scott county ; the Hon. CYRUS EPLER, Judge, presiding.

Mr. N. M. KNAPP, and Mr. J. G. HENDERSON, for the appellant.

Mr. WM. W. BERRY, and Mr. JAMES M. EPLER, for the appellee.

Mr. JUSTICE SHELDON delivered the opinion of the Court:

This was a proceeding in bastardy, instituted against Peak, the appellant, in the county court of Scott county, wherein, upon a verdict of guilty, judgment was rendered against Peak. Upon his appeal therefrom to the circuit court of said county, the judgment was affirmed. From that judgment of affirmance by the circuit court, Peak has taken this appeal to this court.

We are of opinion that no appeal lay from the judgment of the county court to the circuit court. We are referred to no statute authorizing such an appeal, and we are unaware of the existence of any such statute.

The "Act to increase the jurisdiction of county courts," laws of 1871–72, limits the appeals and writs of error which are thereby allowed, in express terms, to cases under that act.

There can be no pretense that this is a case under that act, unless it be deemed to fall under the third class of cases therein enumerated, viz: "all criminal cases and misdemeanors, where the punishment is not imprisonment in the penitentiary or death."

But a prosecution for bastardy has been repeatedly decided by this court to be a civil and not a criminal proceeding. *Mann* v. *The People*, 35 Ill. 467 ; *Pease* v. *Hubbard*, 37 id. 257 ; *The People* v. *Noxon*, 40 id. 30 ; *The People* v. *Starr*, 50 id. 52. We do not, then, regard the above act as giving an appeal in such a case as the present.

Jurisdiction to try bastardy cases is not given to the county court by that act, but by another statute. Laws 1871–72, p. 198. This statute gives no right of appeal. Nor does the

circumstance that Peak himself took the appeal to the circuit court, affect the question. Consent of parties can not confer jurisdiction upon a court in which the law has not vested it. *Ginn et al.* v. *Rogers,* 4 Gilm. 131.

The judgment of the circuit court is reversed, which will leave that of the county court in force.

*Judgment reversed.*