AMASA S. WESTCOTT

*v.*

MARIA L. KINNEY.

*Filed at Ottawa May 12, 1887.*

APPEAL—*whether freehold involved—question as to terms imposed on setting aside tax deed.* Where the parties to a bill to set aside a tax title on the ground it is invalid and a cloud on the plaintiff's title, concede, by stipulation, that the tax deed is invalid, and that it may be set aside on equitable terms, which is done, and one of the parties seeks a reversal of the decree on the ground of error as to the terms imposed, the appeal will not involve any question of freehold, and will not lie directly to this court.

APPEAL from the Superior Court of Cook county.

Messrs. PECKHAM & BROWN, for the appellant.

Mr. W. T. BURGESS, for the appellee.

Mr. JUSTICE MULKEY delivered the opinion of the Court:

The appellee, Maria L. Kinney, filed a bill in the Superior Court of Cook county, against the appellant, Amasa S. Westcott, alleging, among other things, that she was the owner and in possession of certain real estate and premises in said county, particularly described in the bill, in which the defendant, Westcott, claimed some interest, under certain pretended tax deeds, which the bill charges are void, and a mere cloud upon complainant's title. Upon the hearing, the court found the tax deeds void, and a cloud upon complainant's title, as charged, and directed that the same be set aside as such, upon the complainant paying defendant, within three months from date of decree, the sum of $776.84, being the amount of taxes and assessments on said premises, together with interest and costs thereon, paid by the defendant in the purchase thereof, and that in the event said sum was not paid by complainant within the time specified, it was further ordered that her bill be dismissed, without prejudice to the defendant's tax title. The defendant thereupon prayed an appeal to this court, which was allowed.

The controversy in the Superior Court, upon the facts shown, was not as to the validity of the defendant's tax deeds, for it was conceded they were invalid. The parties differed solely upon the amount the complainant should pay to the defendant as a condition to the relief sought; and to obviate the expense of bringing up the whole record, the parties entered into a stipulation, embodied in the present record, wherein is recited all the evidence bearing upon the question about which they differed, as just stated, and upon which, alone, they seek the

decision of this court. That stipulation, with a view of eliminating everything else from the controversy here, contains this statement: "The defendant, Amasa S. Westcott, by his solicitor and counsel herein, admits that the findings of facts in the said decree above mentioned, entered of record in this court in the said cause, on January 3, 1887, are correct, and that the said court was justified, and without error, in setting aside said tax deeds in the said decree described, as clouds upon the title of the said complainant to said lands, but objects, only, and says the court was in error, in relation to the conditions upon which the said deeds were to be set aside and adjudged to be clouds upon the title of said complainant."

It is very clear, from this stipulation, we are not called upon to review or pass upon any question of freehold, as that is entirely eliminated from the case, if, indeed, it was ever in it. This being so, it is not perceived upon what ground the case was brought here, and none, certainly, has been suggested. It is hardly necessary to say, that where the question sought to be reviewed does not give jurisdiction, it is not competent for the parties to confer it by stipulation. Shortly stated, the question submitted by the stipulation is, whether the complainant was bound to pay, as a condition to the relief sought, not only the amount paid by the defendant at the tax sale, with interest thereon, and subsequent taxes, but also the amount of penalties provided for by the 210th section of the Revenue act. The court below refused to allow the penalties, and it is of this, alone, appellant complains. This question should have been presented to the Appellate Court for determination, and not this.

The appeal must be dismissed. Leave given to withdraw record.

*Appeal dismissed.*