**Birdsell Mfg. Co. v. The Independent Fire Sprinkler Co.**

1.  JUDGMENTS—*Power of the Court to Enter Nunc pro Tunc, at a Subsequent Term.*—A court is powerless to enter a judgment *nunc pro tunc*, as of a former term, when in fact no such judgment was then ordered.

2.  SAME—*What is Not a Judgment.*—The words "Judgment on attachment and on claims for $414.50 and costs of suit," do not constitute a judgment.  They amount to no more than a finding, a minute from which a judgment may be written.

**Attachment.**—Appeal from the Circuit Court of DeWitt County;  the Hon. WILLIAM G. COCHRAN, Judge, presiding.  Heard in this court at the November term, 1899.  Reversed and remanded.  Opinion filed February 27, 1900.

J. B. HUTCHINSON, attorney for appellant.

WILBER, ELDRIDGE & ALDEN, attorneys for appellee.

MR. PRESIDING JUSTICE WRIGHT delivered the opinion of the court.

Appellee sued out a writ of attachment against appellant

444    APPELLATE COURTS OF ILLINOIS.

VOL. 87.] Birdsell Mfg. Co. v. Independent Fire Sprinkler Co.

August 2, 1895, which was served upon the Leavitt & Ogle-vee Co., as garnishee. In this suit a declaration in assumpsit was filed. At the December term, 1896, of the Circuit Court, before the garnishee had answered the interrogatories, and without judgment having been entered against appellant upon the cause of action stated in the declaration, a judgment was entered against the garnishee for $577.55 in favor of appellant for the use of appellee. At the March term, 1897, upon the motion of appellee the court entered judgment against the appellant for the same amount, *nunc pro tunc*, as of the previous term, which subsequently, at the March term, 1898, the appellee moved the court to set aside, and at the August term, 1898, a like motion was made by appellee to set aside all orders made in the case since August 21, 1896, which motions were by the court sustained and the judgment and orders set aside. After this appellant pleaded to the declaration, and issues were thus formed and tried by the court, a jury having been waived, resulting in a finding and direction by the court for a judgment against appellant for $414.50, to reverse which this appeal is prosecuted. The principal reasons urged for a reversal of the judgment are that the court erred in its findings and rulings as to the law in the decision of the case and in setting aside orders previously made and in vacating the judgment against the garnishee.

It may be the court had no authority to set aside the judgment against the garnishee at a subsequent term as it did, but if this is so, and the judgment for such reason is still in force, that could avail nothing to appellant as a defense to the action unless such judgment had been paid, or accepted by appellee in satisfaction of the cause of action set forth in its declaration. The former is not claimed, and while appellant claims the latter to be true, the court, upon the evidence heard by it, found against appellant upon this point, and we think such finding was warranted by the evidence. The vacation of the judgment that had been entered *nunc pro tunc* as of a former term was proper for the reason the court was powerless to enter it, no judgment

having in fact been ordered at such former term, and it does not appear that any minute or memorial paper existed from which such judgment could properly have been entered. Even if it was irregular for the court to vacate such judgment at the time it did so, appellant was not harmed by such order, and beside all this, the action of the court in setting aside the orders and judgment previously entered is not before us for review, for this appeal brings before us only the propriety of the finding and judgment of the court upon the issues arising upon the pleas to the declaration in the case. We find no reversible error in the rulings of the court upon the law in the decision of the case, and the evidence warranted the finding that was made.

That which is claimed to be the judgment of the court, from which this appeal is taken, is as follows : " Judgment on attachment and on claim for $414.50 and costs of suit." One of the errors urged for reversal is that this is a defective judgment and as such it should be reversed, while appellee contends it should be affirmed as the judgment of the trial court. We are of the opinion the words quoted do not constitute a judgment nor do they bear any resemblance to a judgment. They amount to no more than a finding, a minute from which a judgment might be written, but in no just sense can it be maintained that in themselves they import a judgment.

Were it not that appellee insisted upon its affirmance, thereby claiming that such is a judgment upon which an execution might properly issue out of the trial court, we would be disposed to dismiss the appeal for the want of a final judgment from which an appeal could be prosecuted, as we held in Metzger v. Morley, 83 Ill. App. 113, subsequently affirmed by the Supreme Court; but both parties are here treating it as a judgment, and that being the issue presented to us for decision, and the same being in our opinion wholly ineffective as a judgment, we feel compelled to reverse the same for such reason, and will remand the cause to the trial court with leave to move the court for a proper judgment upon the finding. Reversed and remanded.