## D. W. Harvey et al., for the use of, etc., v. Herman Cochran et al.

1. JUDGMENTS—*What Are Not.*—The following appeared of record : " The parties to this suit, by their respective attorneys, being in court, and the plaintiff electing to stand by first count in the declaration, and refusing to amend, it is therefore ordered by the court that this cause be dismissed for want of prosecution, at cost of plaintiff, and that execution issue therefor." *Held,* that it is not a judgment at all, much less a final judgment from which an appeal or writ of error can be taken.

Assumpsit.—Error to the Circuit Court of White County; the Hon. ENOCH E. NEWLIN, Judge presiding. Heard in this court at the August term, 1902. Dismissed. Opinion filed September 11, 1902.

B. S. Organ and C. S. Conger, attorneys for plaintiffs in error.

Ross Graham, attorney for defendants in error.

Mr. Justice Worthington delivered the opinion of the court.

David W. Harvey, owning a life estate in eighty acres of land, and W. S. Harvey, owning the remainder in fee, joined in a mortgage for $900, to John Holderby, for money borrowed for the use of said W. S. Harvey. Subsequently plaintiffs in error rented said land at $200 a year, for five years, by written lease, dated March 9, 1898, to defendants in error. Upon the back of the lease are these two indorsements:

"Received, Carmi, Ill., April 2d, 1898, of Wm. R. Cochran, the sum of one hundred and seventy dollars, in full payment of two hundred dollars rent due on this lease. Aug. 1st, 1899.

Witness our hands and seals this day above written.

D. W. Harvey, (Seal)
W. S. Harvey. (Seal)"

"It is now agreed and distinctly understood, by and between the undersigned, that the balance of rent under this lease shall be paid to John Holderby, to be applied on mortgage held by him on the said land herein described as said rent falls due.

Witness our hands and seals this 2d day of April, 1898.

D. W. Harvey, (Seal)
W. S. Harvey. (Seal)"

On November 23, 1898, W. S. Harvey, owning the remainder in fee after the life estate of his father, D. W. Harvey, was extinguished, sold and conveyed his interest in said land to Wm. R. Cochran, the father of defendants in error, he, the vendee, assuming the payment of the Holderby mortgage as part of the purchase price.

This action is to collect the second year's rent, due August 1, 1900.

The declaration consists of one count upon the lease, attaching a copy with the indorsements above recited and

making it a part of the declaration, and of the common counts.

A demurrer to the first count was sustained and plaintiffs elected to stand by the first count.

The record fails to show any disposition of the second count, which consists of the common counts. Neither is there any record of a final judgment from which an appeal could be taken.

The record is as follows :

" The parties to this suit, by their respective attorneys, being in court, and the plaintiff electing to stand by first count in the declaration, and refuses to amend, it is therefore ordered by the court that this cause be dismissed for want of prosecution, at cost of plaintiff, and that execution issue therefor."

This is not a judgment at all, much less a final judgment from which an appeal or writ of error can be taken. The right of review by appeal or writ of error is given and controlled by the statute.

Sec. 67 of the Practice Act provides that " appeals from and writs of error to all Circuit Courts * * * may be taken to the Appellate Courts from all final judgments, orders and decrees," etc., and that " authentic copies of records of judgments, orders and decrees appealed from shall be filed in the office of the clerk of the Supreme Court or of the Appellate Courts," etc.

The record in this case shows simply an order dismissing the case for want of prosecution. We must accept this as a statement of fact. This is not the record of a final judgment. It was no bar to another suit for the same cause of action. It lacks essential features of a valid judgment. It is at most but a recital by the clerk that the court ordered the suit to be dismissed for want of prosecution, at cost of plaintiff, and that execution issue therefor.

There is no error assigned for dismissal for want of prosecution. The errors assigned are for sustaining the demurrer and for rendering judgment for costs against plaintiff.

As there is no judgment against plaintiff, even for costs,

there was no judgment rendered for rendering which an exception could be taken.

That the record does not show a judgment is manifest from the authorities cited below and from many others that might be cited. Metzger v.Morley, 83 Ill. App. 113, affirmed in 184 Ill. 81; Fitzsimmons v. Munch, 74 Ill. App. 259; 1 Black on Judgments, Sec. 3; Birdsell Manufacturing Co. v. Independent Sprinkler Co., 87 Ill. App. 443; Faulk v. Kellums, 54 Ill. 188; Martin v. Barnhardt, 39 Ill. 9.

The record showing no judgment for this court to review, the writ of error is dismissed.