THE CHICAGO PORTRAIT COMPANY

*v.*

THE CHICAGO CRAYON COMPANY.

*Opinion filed October 24, 1905.*

1. APPEALS AND ERRORS—*when judgment is not final.* A judgment sustaining a general demurrer to the declaration, but neither adjudging that the plaintiff take nothing by the writ nor that the defendant go hence without day, nor containing words of equivalent meaning, is not final, and an appeal therefrom will not lie.

2. SAME—*Appellate Court should dismiss appeal if judgment is not final.* If the judgment appealed from is not final the Appellate Court should dismiss the appeal at the cost of the appellant for want of jurisdiction of the subject matter, and has no power to enter judgment on the merits although the parties make no objection.

3. SAME—*appellant is not estopped to raise question of jurisdiction of appeal.* By taking an appeal from an interlocutory judgment and submitting the case to the Appellate Court for a decision on the merits the appellant is not estopped, on further appeal to the Supreme Court, to urge want of jurisdiction by the Appellate Court to entertain the appeal.

4. COSTS—*appellant is liable for costs of unauthorized appeal.* One who takes an appeal from a judgment which is not a final one is liable for all the costs occasioned by such appeal.

APPEAL from the Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. E. F. DUNNE, Judge, presiding.

DUNCOMBE & EVANS, for appellant.

A. D. GASH, for appellee.

Mr. CHIEF JUSTICE CARTWRIGHT delivered the opinion of the court:

Appellant was plaintiff and appellee was defendant in this suit in the circuit court of Cook county. That court sustained the general demurrer of the defendant to the declaration and the plaintiff elected to stand by the declaration. The recital of said facts in the record is followed by this judgment: "Therefore it is considered by the court that the defendant do have and recover of and from the plaintiff its costs and charges in this behalf expended and have execution therefor." There was no disposition of the rights of the parties or of the suit, but plaintiff prayed an appeal from said judgment to the Appellate Court for the First District and assigned for error that the court sustained the demurrer and dismissed the suit. Neither party raised any question as to the jurisdiction of the Appellate Court but submitted the cause on the merits. The Appellate Court, in the opinion filed, called attention to the fact that the judgment was not final or such that an appeal could be taken from it, but, treating it as final, disposed of the case on the merits and affirmed the judgment. Appellant prosecuted its further appeal to this court, and assigns for error that the Appellate Court took jurisdiction of the appeal and decided the case on its merits instead of dismissing the appeal.

In the argument for appellant the only error relied upon is, that the Appellate Court had no jurisdiction of the appeal for the reason that the judgment was not final. The answer of appellee to that argument is, that appellant is estopped, by taking the appeal and submitting the cause upon the merits, from now saying that the Appellate Court ought to have dismissed its appeal.

The judgment was not final and the statute only authorizes appeals from final judgments. The circuit court merely sustained a demurrer to the declaration, and neither ad-

judged that the plaintiff take nothing by the writ or that the defendant go hence without day, and the judgment contained no words of equivalent meaning. There was no trial of any issue resulting in a finding for the defendant, as there was no issue to be tried and there was nothing in the nature of a determination of the rights of the parties. Such a judgment is not final. (*Wenom* v. *Fossick*, 213 Ill. 70; 11 Ency. of Pl. & Pr. 925.) The only question therefore is whether appellant is estopped, by taking the appeal, from questioning the jurisdiction of the Appellate Court. If a court, on appeal, has jurisdiction of the subject matter and of the parties, any objection to the manner in which it reaches the court will be waived by the parties appearing and pleading without objection. (*Lynn* v. *Lynn*, 160 Ill. 307.) But where the court has no jurisdiction of the subject matter, the jurisdiction cannot be conferred by agreement of parties and the want of jurisdiction cannot be waived by failing to object. (2 Cyc. 536.) The fact that appellant took the appeal to the Appellate Court does not affect the question. (*Peak* v. *People*, 71 Ill. 278.) It is not competent for parties to confer jurisdiction of the subject matter upon an appellate court by their stipulation. (*Westcott* v. *Kinney*, 120 Ill. 564.) In this case the Appellate Court had no jurisdiction of the subject matter, not being authorized by law to hear or consider an appeal from a judgment which is not final, and appellant is not legally estopped to set up a want of jurisdiction. A court finding it has no jurisdiction of a cause should dismiss it of its own motion, and the Appellate Court should have dismissed the appeal at appellant's cost. Appellant having taken an appeal where by law no appeal would lie, will not be permitted to recover costs but will be required to pay all costs occasioned by such appeal.

The judgment of the Appellate Court is reversed and the cause is remanded to that court, with directions to dismiss the appeal at appellant's cost.

*Reversed and remanded.*