William Routt, Trustee, et al., Appellees, v. Charles S. Newman, Appellant.

## Gen. No. 15,387.

1. APPEALS AND ERRORS—*what not final order.* An order overruling a demurrer to a supplemental cross bill and taking the same as confessed upon the defendant electing to stand by his demurrer, is not a final and appealable order.

2. APPEALS AND ERRORS—*when appeal dismissed of court's own motion.* Although the point be not raised by counsel, if it is apparent to the court that the order appealed from is not final and appealable a dismissal will be ordered upon the court's own motion.

Bill in chancery. Appeal from the Circuit Court of Cook county; the Hon. CHARLES M. WALKER, Judge, presiding. Heard in this court at the March term, 1909. Appeal dismissed. Opinion filed October 20, 1910. October 31, 1910, order of dismissal vacated and cause taken.

ANGUS ROY SHANNON, for appellant.

DYRENFORTH, LEE, CHRITTON & WILES, for appellees.

MR. JUSTICE HOLDOM delivered the opinion of the court. This is an appeal from the following order:

"This cause coming on to be heard upon the demurrer of Charles S. Newman, defendant, to the cross bill of Richard Wetherell Newman, cross-complainant, as modified by the supplemental cross-bill of Charlotte M. L. Newman, cross-complainant, as amended, and the court having heard the

arguments of counsel, all parties being before the court, and being fully advised in the premises, doth hereby overrule the aforesaid demurrer; whereupon the said defendant elects to stand by his demurrer, and the court thereupon decrees said supplemental cross-bill as amended of said Charlotte M. L. Newman, cross-complainant, shall be and the same is hereby taken as confessed by and against the said Charles S. Newman, defendant, each party paying his own costs in the Circuit Court."

While the point has not been raised by either counsel, it is patent that this order is not final and consequently is not appealable, and therefore the record presents no questions for review.   The Chicago Portrait Company v. The Chicago Crayon Company, 217 Ill. 200, is as much like this case as one case can possibly be like another.   The Appellate Court had taken jurisdiction of the appeal and decided the case upon the merits, and it was argued that the point that the order was not appealable not having been raised in this court the parties were estopped from urging it in the Supreme Court.   With this contention, however, the Supreme Court plainly recorded its dissent when it said, "If a court on appeal has jurisdiction of the subject-matter and the parties, any objection to the manner in which it reaches the court will be waived by the parties appearing and pleading without objection.   Lynn v. Lynn, 160 Ill. 307.   But when the court has no jurisdiction of the subject-matter, the jurisdiction cannot be conferred by the agreement of the parties, and the want of jurisdiction cannot be waived by failing to object. 2 Cyc. 536.   The fact that appellant took the appeal to the Appellate Court does not affect the question.   Peak v. The People, 71 Ill. 278.   It is not competent for parties to confer jurisdiction of the subject-matter upon an Appellate Court by their stipulation.   Westcott v. Kinney, 120 Ill. 564.   In this case the Appellate Court had no jurisdiction of the subject-matter, not being authorized by law to hear or consider an appeal from a judgment which is not final, and appellant is not legally estopped to set up a want of jurisdiction.   A court finding it has no jurisdiction of a cause should dismiss of its

own motion, and the Appellate Court should have dismissed the appeal at appellant's cost." The order appealed from is no more than an order of default of appellant to the supplemental cross-bill as amended of Charlotte M. L. Newman. No relief is awarded to any of the parties, and no rights in the controversy adjudged or settled. As said in Gage v. Eich, 56 Ill. 297: "In this case there has been no final decree; nothing, indeed, but overruling a demurrer to the bill and a reference to the Master to state an account and report the same to the court. The case is yet *in fieri* and no appeal can lie. 2 Dan. Chan. Pr. 1543, and the case cited in note 1." To a like effect is Gage v. Rohrback, ib. 262, and Same v. Chapman, ib. 311.

Conforming to the authority of the Chicago Portrait Co. v. The Chicago Crayon Co., *supra,* this court, finding it has no jurisdiction to review the order appealed from, of its own motion orders the appeal to be dismissed at appellant's cost.

*Appeal dismissed.*