(No. 11852.—Writ dismissed.)
THE PEOPLE OF THE STATE OF ILLINOIS *vs.* LEONARD
    BANKS *et al.* Defendants in Error.—(JOHN F. WELCH,
    Intervening Petitioner, Plaintiff in Error.)

*Opinion filed October 21, 1918.*

APPEALS AND ERRORS—*when writ of error will not lie.* Where a
bill is dismissed as to one or more parties for want of equity and
the case still remains pending as to other parties, the complainant
cannot prosecute a writ of error until there has been a final decree
or disposition of the case as to all parties, and if a writ of error
is sued out before final decree the Supreme Court will dismiss it
of its own motion.

WRIT OF ERROR to the Circuit Court of Adams county;
the Hon. HARRY HIGBEE, Judge, presiding.

CHARLES M. PEIRCE, and W. W. WHITMORE, for plain-
tiff in error.

F. B. McKENNAN, and S. A. HUBBARD, for defendants
in error.

Mr. CHIEF JUSTICE DUNCAN delivered the opinion of
the court:

John F. Welch, at the June term, 1914, of the Adams
county circuit court, filed an intervening petition in a cer-
tain foreclosure suit by the People against Leonard Banks,
which foreclosure suit is referred to in this record as No.
2418. The foreclosure suit was for the purpose of fore-
closing certain tax liens against the lands of Banks in the
interest of certain parties, including Welch, who were hold-
ers of bonds issued by the Lima Lake Drainage District,
Banks having failed to pay the assessments levied against
his lands in the district to pay said bonds. Welch made
as parties defendant to his intervening petition the county
collector of Adams county and F. B. McKennan, and sub-
sequent to the filing of the intervening petition Della M.

Armstrong was permitted to become a party defendant. All of the defendants to the intervening petition filed demurrers thereto and the court sustained the demurrers. On appeal to this court the decree of the circuit court was affirmed, the holding of this court being, in substance, that the petition did not state facts sufficient to entitle the petitioner to any relief. The opinion of the court in that case is found in *People* v. *Banks,* 272 Ill. 502, to which reference is hereby made for a more complete statement of the facts in that case and for a more complete understanding of the case now before us. After the affirmance in that case of the decree of the court as above related, Welch filed a new intervening petition in the foreclosure suit, in which he sought to remedy the defects of the former petition by further and other averments, making McKennan, Joseph L. Thomas, county collector of said county, and Della M. Armstrong, parties defendant thereto, and praying as relief that the court order and direct the county collector to execute and deliver to him a proper deed of conveyance to the land mentioned in the foreclosure suit and for such other and further relief as equity may require, etc. The county collector and treasurer of the county and Della M. Armstrong filed separate general and special demurrers to the petition, which demurrers were sustained by the court. McKennan filed an answer to the petition denying all the specific allegations made against him, and denying that the petitioner was entitled to a deed to the premises or to any relief whatever. He also denied that Della M. Armstrong held the title to said land in trust for him. A replication to the answer was filed, and thereafter, on April 24, 1917, on motion of Della M. Armstrong, the intervening petition was dismissed at petitioner's cost for want of equity, the petitioner having elected to stand by his petition. Welch sued out this writ of error to reverse the decree of the court.

There was no trial of the issues made on the answer of McKennan to the petition, and the record shows that

those issues are still pending for trial and decision in the circuit court.

The principal facts alleged in this petition by which the plaintiff in error claims equitable relief against F. B. McKennan and Della M. Armstrong are, that McKennan represented plaintiff in error as attorney in foreclosure suit No. 2418 under a contract to obtain for him either the title to the land or the money due him on his bonds, and that McKennan was to receive as his fees as attorney one-fourth of whatever plaintiff in error received; that after the land was sold under the foreclosure suit, McKennan, although it was his duty to look after and pay the taxes on the land and to give notice to the proper parties that would entitle the plaintiff in error to a deed, neglected both duties and suffered the land to be again sold for taxes and is the one responsible for the failure to give proper notice of the sale for taxes, etc., if the same is insufficient, and that thereby the land was sold for a second tax lien in foreclosure suit No. 2727, and that plaintiff in error was compelled to buy the certificate of purchase in said suit to protect himself; that prior to the expiration of the time for redemption on said second foreclosure sale McKennan purchased Banks' equity of redemption in the land and transferred the same to Della M. Armstrong, who now holds the title to said land in trust for McKennan. The claim of plaintiff in error in this suit is that he is either entitled to a deed to the land as against McKennan and Della M. Armstrong, or is entitled to a decree against McKennan that he pay plaintiff in error the entire sum of money due him on both certificates of purchase; that McKennan attempted to redeem, as owner of said land, from the second foreclosure sale by depositing the money with the county collector but has refused to redeem from the first sale, claiming that plaintiff in error is entitled to no such relief.

In this court both parties argue *pro* and *con* upon the question of the sufficiency of the plaintiff in error's petition

to entitle him to equitable relief. Defendants in error Mc-
Kennan and Della M. Armstrong also contend that plain-
tiff in error is entitled to no equitable relief because from
his own showing he did not give the proper notice of the
sale of said land for taxes, etc., to the proper parties within
two years after the first sale, as required by section 216 of
our Revenue act, and this is one of the main grounds upon
which they base their contention that plaintiff in error is en-
titled to no redemption under the first sale. Other minor
questions are involved but the foregoing states the main con-
tentions of both parties.

The decree in this case that we are asked to reverse on
this writ of error is not a final decree. This court has fre-
quently held that if a bill is dismissed as to one or more
parties for want of equity and the case still remains pend-
ing as to other parties, the complainant cannot prosecute a
writ of error until there has been a final decree or disposi-
tion of the case as to all the other parties. The reason is
that such a decree is not a final decree within the meaning
of our Practice act, and this court has therefore no juris-
diction to review it. Under such circumstances this court
will dismiss the writ of its own motion. (*Bucklen* v. *City
of Chicago,* 166 Ill. 451; *Thompson* v. *Follansbee,* 55 id.
427; *Dreyer* v. *Goldy,* 171 id. 434; *Pain* v. *Kinney,* 175
id. 264.) While there are exceptions to the rule that this
court will not review a decree under the circumstances here
presented, yet it is clear from the decisions already cited
that this case does not come within the exception but is one
that should not be reviewed on writ of error until it is dis-
posed of as to all of the parties.

The writ of error is therefore dismissed.

*Writ dismissed.*