## Theodore E. Kircher, Appellant, v. Charles P. Hamill and Carl W. Schuchardt, Appellees.

1. APPEAL AND ERROR—*orders from which appeal lies.* An appeal lies only from a final order, judgment or decree except in such cases as are expressly authorized by statute.

2. APPEAL AND ERROR—*decision on demurrer as interlocutory.* An order sustaining or overruling a demurrer to a bill, declaration or petition is merely interlocutory.

3. APPEAL AND ERROR—*consent as basis for jurisdiction to review interlocutory order.* The Appellate Court has no power to enter judgment on the merits where the judgment appealed from is not final, even though the parties consent, but should dismiss the appeal of its own motion, at the cost of the appellant, for want of jurisdiction.

4. APPEAL AND ERROR—*determination as one of several parties as basis for appeal.* An order dismissing a bill as to a part of the defendants therein is not a final order, and cannot be appealed from until final disposition of the cause as to all parties, except where great hardship or injustice will result from a denial of such an appeal.

5. APPEAL AND ERROR—*order allowing plea to jurisdiction by one of several defendants as basis for appeal.* The Appellate Court is without jurisdiction to entertain an appeal from an order allowing a plea to the jurisdiction by one of several defendants to a bill for contribution, where, so far as the record shows, there has been no decree dismissing the bill as to either of such defendants.

Appeal by plaintiff from the Circuit Court of St. Clair county; the Hon. GEORGE A. CROW, Judge, presiding. Heard in this court at the October term, 1925. Appeal dismissed. Opinion filed February 17, 1926.

TURNER, HOLDER & BULLINGTON, for appellant.

J. KENT GREENE and F. J. TECKLENBURG, for appellee CARL W. SCHUCHARDT.

MR. JUSTICE BARRY delivered the opinion of the court.

Appellant sought to enforce contribution by bill in equity. One of the appellees answered the bill and the

other filed a plea to the jurisdiction of the court. The plea was set for argument and thereafter the court entered the following orders:

"Now on the 21st day of February, A. D. 1925, the plea to the amended bill filed herein having been set down for argument and the court having carefully considered said plea, it is ordered by the court that said plea be and it is allowed.

"Now on the 13th day of March, A. D. 1925, from the order of this court allowing plea to complainant's bill, plaintiff prays an appeal to the Appellate Court in and for the Fourth District of the State of Illinois which is allowed upon entering into bond in the sum of $200.00 with surety to be approved by the clerk of this court in 30 days."

The practice does not permit demurrers to pleas to bills in chancery. If the complainant thinks the plea insufficient, instead of demurring he has it set down for argument as to its sufficiency. By doing this he admits the truth of the matters averred in the plea but denies they are sufficient in law, to bar the relief sought. If the plea is held good he may then reply to it denying the truth of its allegations. If he does not reply, a decree will be entered dismissing the bill. *Perry v. United States School Furniture Co.,* 232 Ill. 101. So far as the record shows, there was no decree dismissing the bill as to either of appellees and the cause is still pending in the circuit court.

An appeal lies only from a final order, judgment or decree except in such cases as are expressly authorized by statute. An order sustaining or overruling a demurrer to a bill, declaration or petition is merely interlocutory and no appeal lies therefrom, as to justify an appeal there must be a final order or decree in a chancery suit, or a final judgment in a suit at law. To be appealable, the order, judgment or decree must contain language to the effect that the party take nothing by the writ or that the defendant go hence without day.

*People v. Board of Education,* 236 Ill. 154; *Smith v. Dellitt,* 244 Ill. 75; *Franklin County v. Blake,* 257 Ill. 354; *People v. Chicago, B. & Q. R. Co.,* 306 Ill. 166.

If the judgment appealed from is not final the Appellate Court should dismiss the appeal, of its own motion, at the cost of the appellant for want of jurisdiction of the subject matter, and has no power to enter judgment on the merits although the parties make no objections. *Chicago Portrait Co. v. Chicago Crayon Co.,* 217 Ill. 200.

Even if the court had entered an order or decree dismissing the bill as to the appellee who filed the plea, the order would have been interlocutory and appellant could not appeal until there was a final disposition of the cause as to the other appellee. *Foote v. Yarlott,* 238 Ill. 54. An order dismissing a bill as to part of the defendants is not a final order and cannot be appealed from until there has been a complete disposition of the cause as to all parties, except where great hardship or a denial of justice will result from not allowing an appeal. *Dreyer v. Goldy,* 171 Ill. 434. When an appeal has been taken from such an order the appeal should be dismissed by the court of its own motion. *People v. Banks,* 285 Ill. 137.

Under the foregoing authorities this court is without jurisdiction of the subject matter and the appeal is dismissed at appellant's costs.

*Appeal dismissed.*