## C. A. Prange and George A. Wallace, Appellants, v. City of Marion, Appellee.

Heard in this court at the May term, 1938. Opinion filed November 7, 1938. Rehearing denied December 12, 1938.

E. E. DENISON and L. A. COLP, both of Marion, for appellants.

WARFORD & FRANKLIN and JOHN HAY, both of Marion, for appellee.

Mr. Justice Edwards delivered the opinion of the court.

Plaintiff brought a suit for accounting against defendant, city of Marion, based upon two grounds; first, for money had and received by defendant for use of plaintiffs and negligently withheld from them, and second, for money due plaintiffs for losses and damages sustained by reason of the wrongful, unlawful and negligent acts and omissions of defendant as a trustee. The latter filed its motion to dismiss the complaint, or, in the alternative, to strike certain paragraphs therefrom.

The motion was overruled as to the allegations referring to the first ground alleged for recovery, and as to such the cause is still pending in the trial court, while it was sustained as to those paragraphs whose averments relate to the relief based upon claimed loss resultant through the alleged wrongful, negligent and unlawful acts of defendant. From such parts of said order as sustain the motion to strike, plaintiffs have appealed.

The order complained of reads as follows: "And those parts of the plaintiffs' cause of action and complaint to which the defendant's motion is hereby sustained, are dismissed. And it is further ordered and adjudged by the court that the defendant's motion to strike and to dismiss in all other respects be and the same is hereby denied. And the defendant is given until November 15, 1937, to file its answer to the parts of the amended Counts 1 and 2 and Count 3 of the complaint not stricken therefrom." No other order or adjudication was made in the premises.

Appeals are only allowed, under the Civil Practice Act, to review final judgments, orders or decrees, as provided in section 77 of such act [Ill. Rev. Stat. 1937, ch. 110, § 201; Jones Ill. Stats. Ann. 104.077] and as held in *Daab v. Ritter*, 294 Ill. App. 203.

In *Harvey v. Cochran,* 103 Ill. App. 576, where a demurrer was sustained to a special count of a declaration, and common counts were not disposed of, the plaintiff elected to stand by such special count and refused to amend, whereupon the court dismissed the cause at plaintiff's costs and awarded execution therefor. Upon review this court held: "The record in this case shows simply an order dismissing the case for want of prosecution. We must accept this as a statement of fact. This is not the record of a final judgment. It is no bar to another suit for the same cause of action." The writ of error was dismissed.

Also, in *Kircher v. Hamill,* 239 Ill. App. 496, this court ruled: "An order sustaining or overruling a demurrer to a bill, declaration or petition is merely interlocutory and no appeal lies therefrom, as to justify an appeal there must be a final order or decree in a chancery suit, or a final judgment in a suit at law. To be appealable, the order, judgment or decree must contain language to the effect that the party take nothing by the writ or that the defendant go hence without day." The appeal was dismissed.

These decisions were rendered prior to the enactment of the Civil Practice Act; however, as section 77 of such act provides for appeals only from final orders, as did the Practice Act in force at the time such opinions were filed, the rule necessarily is the same, as held in *Duncan v. National Bank of Decatur,* 285 Ill. App. 305, in a suit brought after the Civil Practice Act became operative, where the court found in favor of defendant and ordered that the latter recover its costs of plaintiff and have execution therefor. The Appellate Court, in dismissing the appeal, stated that a proper judgment order would have provided that "the plaintiff take nothing by his suit and that the defendant go hence without day, and that the defendant have and recover of and from the plaintiff its costs

and charges in this behalf expended, and have execution therefor."

Where a trial court sustained a demurrer to an additional count to a declaration, but not as to other counts, it was ruled that such order was not final; *Review Printing & Stationery Co. v. McCoy*, 291 Ill. App. 524.

In the well considered opinion in *Chicago Portrait Co. v. Chicago Crayon Co.*, 217 Ill. 200, where a general demurrer to a declaration was sustained and plaintiff elected to stand thereby, and the order of the court was: "Therefore it is considered by the court that the defendant do have and recover of and from the plaintiff its costs and charges in this behalf expended and have execution therefor," the court stated: "The judgment was not final and the statute only authorized appeals from final judgments. The Circuit Court merely sustained a demurrer to the declaration, and neither adjudged that the plaintiff take nothing by the writ or that the defendant go hence without day, and the judgment contained no words of equivalent meaning. There was no trial of any issue resulting in a finding for the defendant, as there was no issue to be tried, and there was nothing in the nature of a determination of the rights of the parties. Such a judgment is not final."

The order in the instant case merely provided that certain parts of the complaint be dismissed and other portions upheld. It did not, in respect to those dismissed, adjudge that as to those, plaintiffs take nothing, nor that so far as they were concerned, defendant go hence without day; neither did it contain words or phrases of equivalent import, hence within the rule of the cited authorities did not dispose of the rights of the parties respecting such dismissed paragraphs. It was, according to the holding in *Harvey v. Cochran, supra*, "no bar to another suit for the same cause of action."

Defendant might properly have moved to dismiss the appeal. Instead of so doing it entered appearance and filed its brief and argument, and it only remains to consider the effect of such action.

In *Daab v. Ritter, supra,* this court held that where there is no final order from which an appeal can be properly prosecuted, the Appellate Court has no jurisdiction of such appeal, even though consented to by the parties.

We likewise held, in *Kircher v. Hamill, supra,* "If the judgment appealed from is not final, the Appellate Court should dismiss the appeal of its own motion at the cost of the appellant, for want of jurisdiction of the subject matter, and it has no power to enter judgment on the merits although the parties make no objections."

Not only do the decisions of this district hold that where an appeal is taken from an order not final and the reviewing court is without jurisdiction to entertain it, such authority cannot be conferred by consent or acts of the parties, and the Appellate Court upon being apprised of such fact is bound of its own motion to dismiss the appeal though appellee fails to move for same, the rule is likewise declared by the Supreme Court and the Appellate Courts of other districts; *People v. Banks,* 285 Ill. 137; *Chicago Portrait Co. v. Chicago Crayon Co., supra; Routt v. Newman,* 157 Ill. App. 242 (1st Dist.); *Review Printing & Stationery Co. v. McCoy, supra* (2nd Dist.); *Meyer v. City of Decatur,* 134 Ill. App. 385 (3rd Dist.).

The order complained of is not final. This court is therefore without jurisdiction to review it, and by the established law of this State is obligated to dismiss the appeal, regardless of the fact that appellee has not requested that same be done.

*Appeal dismissed.*