Aetna Plywood and Veneer Company, Appellant, v. Abraham Robineau et al., Appellees.

Gen. No. 44,453.

Opinion filed January 26, 1949. Released for publication February 15, 1949.

ZIMMERMAN & NORMAN, of Chicago, for appellant.

COHON & GOLDSTEIN, of Chicago, for appellees.

MR. PRESIDING JUSTICE BURKE delivered the opinion of the court.

Aetna Plywood & Veneer Company filed a complaint at law in the circuit court of Cook county against Abraham Robineau and Frances Robineau, doing busi-

ness as Robineau and Company, alleging that on March 21, 1947, the defendants promised to answer to plaintiff out of their own estate for the payment of the then existing debt of Dob Manufacturing Company and for such future indebtedness as might be incurred if plaintiff would continue to furnish to Dob Manufacturing Company materials, goods, wares and merchandise; that the guaranty was limited to $2,500 and was to cover goods shipped up to June 30, 1947; that relying on the promises of the defendant, plaintiff continued to deliver goods, wares and merchandise to the Dob Manufacturing Company; that as of April 30, 1947, there remained a balance due of $2,874.21; that default was made in the payment of the amount due; that defendant was informed of the indebtedness; and that there is due to plaintiff from defendant on the guaranty the sum of $2,500, plus interest at 5 per cent per annum from August 30, 1947.

Defendant filed a motion "for judgment in their favor or to dismiss the complaint" on the ground that the complaint was substantially insufficient in law; that it did not set up a cause of action; that the claim on which the action is founded is unenforceable under the provisions of the statute of frauds; that the alleged agreement appears from the complaint to be without consideration; and that it appears from the complaint that all the merchandise supposed to have been sold and delivered to Dob Manufacturing Company subsequent to the date of the alleged contract or guarantee has been fully paid for. The court entered an order that on motion of the attorney for defendants "to enter judgment in favor of said defendants or to dismiss the complaint filed herein; and the court having heard arguments of counsel and having been fully advised in the premises, finds that said complaint is insufficient in law to sustain plaintiff's action," and concluded by saying that "it is therefore ordered that

said complaint be and the same is hereby dismissed at the plaintiff's cost.''

Within 30 days from the entry of the order plaintiff filed a motion to vacate the order and to grant leave to plaintiff to file its amended complaint instanter setting up various grounds. The court thereupon entered an order that on motion of attorneys for plaintiff to vacate and set aside ''the order and judgment of November 7, 1947, and for leave to file an amended complaint, and the court having read the proposed amended complaint offered by plaintiff and being fully advised, it is ordered that the said motion of the plaintiff be and the same is hereby denied.'' Plaintiff appeals (1) from the order of November 7, 1947, whereby the court ordered the complaint dismissed at plaintiff's cost, and (2) the order of December 4, 1947, whereby the court denied plaintiff's motion filed December 4, 1947, to set aside and vacate the order of November 7, 1947, and for leave to file an amended complaint, and prays that the orders mentioned be reversed, that the cause be remanded with directions, that defendants answer the complaint, or in the alternative, that plaintiff be given leave to file an amended complaint.

██ ██ Sec. 77 of the Civil Practice Act [Ill. Rev. Stat. 1947, ch. 110, par. 201; Jones Ill. Stats. Ann. 104.077] states that appeals shall lie to the Appellate or Supreme Courts in cases where any form of review may be allowed by law to revise the final judgments, orders or decrees of courts whose judgments, orders and decrees are reviewable therein. This is the same language as contained in sec. 91 of the Practice Act of 1907. Therefore, decisions as to what constitutes ''final judgments'' under the earlier Act control as to this section. We raise the question as to whether the order appealed from is a final order, judgment or decree. The leading case in this State on the subject is

that of *Chicago Portrait Co. v. Chicago Crayon Co.,*
217 Ill. 200. The court, speaking through Mr. Justice
CARTWRIGHT, said:

"Appellant was plaintiff and appellee was defend-
ant in this suit in the circuit court of Cook County.
That court sustained the general demurrer of the de-
fendant to the declaration and the plaintiff elected to
stand by the declaration. The recital of said facts in
the record is followed by this judgment: 'Therefore it
is considered by the court that the defendant do have
and recover of and from the plaintiff its costs and
charges in this behalf expended and have execution
therefor.' There was no disposition of the rights of
the parties or of the suit, but plaintiff prayed an ap-
peal from said judgment to the Appellate Court for
the First District and assigned for error that the court
sustained the demurrer and dismissed the suit.
Neither party raised any question as to the jurisdic-
tion of the Appellate Court but submitted the cause
on the merits. The Appellate Court, in the opinion
filed, called attention to the fact that the judgment was
not final or such that an appeal could be taken from
it, but, treating it as final, disposed of the case on the
merits and affirmed the judgment. Appellant prose-
cuted its further appeal to this court, and assigns for
error that the Appellate Court took jurisdiction of
the appeal and decided the case on its merits instead
of dismissing the appeal.

"In the argument for appellant the only error relied
upon is, that the Appellate Court had no jurisdiction
of the appeal for the reason that the judgment was not
final. The answer of appellee to that argument is, that
the appellant is estopped, by taking the appeal and sub-
mitting the cause upon the merits, from now saying
that the Appellate Court ought to have dismissed its
appeal.

"The judgment was not final and the statute only
authorizes appeals from final judgments. The circuit
court merely sustained a demurrer to the declaration,

and neither adjudged that the plaintiff take nothing by the writ or that the defendant go hence without day, and the judgment contained no words of equivalent meaning. There was no trial of any issue resulting in a finding for the defendant, as there was no issue to be tried and there was nothing in the nature of a determination of the rights of the parties. Such a judgment is not final. (*Wenom v. Fossick,* 213 Ill. 70; 11 Ency. of Pl. & Pr. 925.) The only question therefore is whether appellant is estopped, by taking the appeal, from questioning the jurisdiction of the Appellate Court. If a court, on appeal, has jurisdiction of the subject matter and of the parties, any objection to the manner in which it reaches the court will be waived by the parties appearing and pleading without objection. (*Lynn v. Lynn,* 160 Ill. 307.) But where the court has no jurisdiction of the subject matter, the jurisdiction cannot be conferred by agreement of parties and the want of jurisdiction cannot be waived by failing to object. (2 Cyc. 536.) The fact that appellant took the appeal to the Appellate Court does not affect the question. (*Peak v. People,* 71 Ill. 278.) It is not competent for parties to confer jurisdiction of the subject matter upon an appellate court by their stipulation. (*Westcott v. Kinney,* 120 Ill. 564.) In this case the Appellate Court had no jurisdiction of the subject matter, not being authorized by law to hear or consider an appeal from a judgment which is not final, and appellant is not legally estopped to set up a want of jurisdiction. A court finding it has no jurisdiction of a cause should dismiss it of its own motion, and the Appellate Court should have dismissed the appeal at appellant's cost. Appellant having taken an appeal where by law no appeal would lie, will not be permitted to recover costs but will be required to pay all costs occasioned by such appeal.''

In *Board of Education of Grant Community High School Dist. No. 121 v. Board of Education of*

*Richmond-Burton Community High School Dist. No. 157*, 301 Ill. App. 228, the court said (229):

"Where a motion to dismiss a complaint, which is in the nature of a demurrer, is sustained, for such ruling to become final, a judgment should be entered for the defendant to the effect that the plaintiff take nothing by virtue of such action and that the defendant go hence without day, or words of similar import and meaning."

We find that neither order from which plaintiff appeals is a final judgment order or decree within the meaning of sec. 77 of the Civil Practice Act. The rule stated by Mr. Justice CARTWRIGHT in *Chicago Portrait Co.* case has not been modified by the Civil Practice Act or by any subsequent opinion that we have been able to find. As no final judgment was entered, the case remains undisposed of in the circuit court. For the reasons stated, the appeal is dismissed at plaintiff's costs.

*Appeal dismissed.*

KILEY and LEWE, JJ., concur.