David A. Stickelber, Appellant, v. The Lyric Theatre of Chicago, Appellee.

Gen. No. 47,650.

First District, Third Division.
December 9, 1959.
Released for publication January 29, 1960.

John Benedek, Benedek and Benedek, of Chicago, for appellant.

James P. Chapman, of Chicago, for appellee.

JUSTICE FRIEND delivered the opinion of the court.

Plaintiff brought suit to recover $9600 alleged to have been loaned by him to defendant. The statement of claim, filed March 22, 1957, was in the printed form for a confession of judgment based upon a promissory note dated April 30, 1956, payable to plaintiff and executed by The Lyric Theatre of Chicago, defendant, by Betty M. McAllister, vice president, and Lawrence V. Kelly, secretary and treasurer. Judgment was entered by confession for the amount claimed, together with $306.66 interest, and $662.50 attorneys' fees, or a total of $10,569.16, and costs.

On May 28, 1957, defendant moved to vacate the judgment, and in support of its motion filed the affidavit of Carol Fox which set forth in detail the defenses upon which it relied. One of these defenses was that "at no time did The Lyric Theatre of Chicago borrow any money, receive any funds, or have any transactions whatsoever with plaintiff." On June 11, 1957, plaintiff filed the affidavit of Lawrence V. Kelly in opposition to defendant's motion to vacate, which denied the foregoing defense. On the same day the court directed plaintiff to file a reply to the affirmative matters raised by defendant in its motion to vacate. No reply was filed. The court, sitting without a jury, heard the evidence, and at the conclusion of the hearing gave an oral opinion to the effect that the note was not an obligation of the corporation, and concluded by saying that "for that reason the judgment will be set aside and there will be a finding for The Lyric Theatre in this case." However, no judgment was entered on the finding.

In the circumstances, we have no jurisdiction to entertain the appeal. This precise question was considered and decided in Chicago Portrait Co. v. Chicago Crayon Co., 217 Ill. 200. There the court held that

a judgment sustaining a general demurrer to the declaration, but neither adjudging that plaintiff take nothing by the writ, nor that the defendant go hence without day, nor containing words of equivalent meaning, is not final, and an appeal therefrom will not lie. An appeal was first taken to the Appellate Court, which in its opinion called attention to the fact that the judgment was not final or such that an appeal could be taken from it, but, treating it as final, disposed of the case on the merits and affirmed the judgment. Plaintiff thereupon prosecuted its further appeal to the Supreme Court, assigning for error that the Appellate Court took jurisdiction of the appeal and decided the case on its merits, instead of dismissing the appeal. The Supreme Court held that the judgment was not final, and that the statute authorizes appeals from final judgments only. It was there contended that plaintiff was estopped, by taking the appeal, from questioning the jurisdiction of the Appellate Court, but the Supreme Court rejected that contention and concluded that where the court has no jurisdiction of the subject matter, jurisdiction cannot be conferred by agreement of the parties, and the want of jurisdiction cannot be waived by failing to object. "In this case," said the court, "the Appellate Court had no jurisdiction of the subject matter, not being authorized by law to hear or consider an appeal from a judgment which is not final, and appellant is not legally estopped to set up want of jurisdiction. A court finding it has no jurisdiction of a cause should dismiss it of its own motion, and the Appellate Court should have dismissed the appeal at appellant's cost." Accordingly, the judgment of the Appellate Court was reversed, and the cause remanded with directions to that court to dismiss the appeal at plaintiff's costs.

In Aetna Plywood & Veneer Co. v. Robineau, 336 Ill. App. 339, this court found that neither order from

which plaintiff appealed was a final judgment order or decree within the meaning of section 77 of the Civil Practice Act. [Ill Rev Stats, c 110, § 77.] In consonance with numerous decisions in the Illinois Supreme and Appellate courts, including the leading Chicago Portrait Company case, it held that, as no final judgment was entered, the case remained undisposed of in the trial court, and it dismissed the appeal at plaintiff's costs. In Krauss v. Mutual Merchandise Co., 336 Ill. App. 358 (Abst.), it was held that an order overruling plaintiff's motion to deny defendant's motion to vacate judgment against defendants was not a final appealable order, and therefore plaintiff's appeal was dismissed at plaintiff's costs. Also in point is Board of Education v. Board of Education, 301 Ill. App. 228.

For lack of a final judgment, we are constrained to hold that the Appellate Court has no jurisdiction to entertain the appeal, and it is therefore dismissed at plaintiff's costs.

Appeal dismissed.

BRYANT, P. J. and BURKE, J., concur.