**Porter S. Johnson, Plaintiff-Appellant, v. City of Rockford, a Municipal Corporation, Tom Harkey, d/b/a Harkey's Service Station, Defendants-Appellees, and Sinclair Refining Company, a Corporation, Defendant.**

**Gen. No. 11,405.**

Second District, First Division.

October 6, 1960.

Pedderson, Menzimer, and Conde, of Rockford, for appellant.

Maynard and Maynard, and William E. Collins, all of Rockford, for appellee.

McNEAL, P. J.

This is an appeal by the plaintiff, Porter S. Johnson, from an order of the Circuit Court of Winnebago County granting a motion by the defendant City of Rockford to strike count I of plaintiff's complaint and

dismissing the complaint as to said defendant, and also from a summary judgment entered by that court in favor of Tom Harkey, defendant in Count II of the complaint.

About 6:15 A.M. on February 23, 1959, plaintiff was walking east along the north side of 23rd Avenue near its intersection with Kishwaukee Street in Rockford. Tom Harkey operated a service station on property which was owned by the Sinclair Refining Company and which extended about 70 feet east of the intersection. Harkey pushed the snow from the driveway of the service station onto the sidewalk along the north side of 23rd Avenue and the walk became impassable. In order to go around the pile of snow plaintiff walked on the pavement. When he was at a point about 5 feet south of the north curb line and 50 feet east of Kishwaukee, plaintiff saw the lights of a westbound car at a distance of about 12 feet, but he was unable to get out of the way because of the slippery pavement. He was struck by the car and sustained serious injuries.

Plaintiff filed a three count complaint and demanded $50,000 damages in each count. In count I he alleged that the City of Rockford negligently (A) allowed the sidewalk to be piled high with snow and to remain so for a long time, (B) allowed the sidewalk to be obstructed and in a dangerous and unsafe condition for a long time, (C) permitted the condition to exist knowing that pedestrians would be forced to walk in the street which was dangerous, and (D) failed to provide a safe place for pedestrians along the north side of the avenue. In count II plaintiff alleged that Tom Harkey negligently (A) obstructed the sidewalk contrary to section 544, chapter 38, Illinois Revised

135

Statutes, (B) obstructed the sidewalk contrary to the provisions of a city ordinance, and (C) piled snow on the sidewalk rendering it impassable and dangerous and forcing plaintiff to walk in the street. Count III was directed against the Sinclair Refining Company and contained the same charges of negligence alleged as A and B in count II.

Sinclair Refining Company filed a motion for summary judgment. According to the record the trial court considered this motion as a motion to strike and struck count III of the complaint, but took no further action in connection with this count. Harkey moved for summary judgment and the City of Rockford moved to strike count I of the complaint primarily on the grounds that the proximate cause of plaintiff's injury was the independent intervening act of the motorist, and not the negligence of those defendants in obstructing the walk. On appeal plaintiff makes no reference to the striking of count III against Sinclair, but confines his brief and argument to the actions of the trial court in granting the City's motion to strike and in entering a summary judgment in favor of Harkey.

As abstracted and as shown in the record, the order appealed from reads as follows: "This day come the parties to this suit by their respective attorneys, and motion to strike by defendant City of Rockford, a Municipal Corporation, having been heretofore heard and continued for decision, on due consideration the Court grants said motion and complaint is dismissed as to City of Rockford."

██ Under the provisions of section 77 of the Civil Practice Act appeals are allowed to review only final judgments or orders of the circuit court. Par.

77(1), Ch. 110, Illinois Revised Statutes. A final order or judgment is defined as one which disposes of the merits of the case and the rights of the parties either on the entire controversy or on some separate and definite branch thereof, so that, if affirmed, the trial court has only to proceed with the execution of the judgment. 2 I.L.P. 188, Appeal & Error, Par. 106. An order providing that certain parts of a complaint be dismissed but not adjudging that plaintiff take nothing nor that defendant go hence without day and containing no words or phrases of equal import, does not dispose of the rights of the parties respecting such dismissed portions and is not a final order from which an appeal will lie. Prange v. City of Marion, 297 Ill. App. 353, 17 N.E.2d 616; Aetna Plywood & Veneer Co. v. Robineau, 336 Ill. App. 339, 83 N.E.2d 896; Thompson v. Contreras, 340 Ill. App. 527, 92 N.E.2d 340. Where the order merely sustains defendant's motion to strike complaint without stating more, such order is not a final appealable order, and appeal therefrom must be dismissed, even though the question of jurisdiction is not raised by the parties. Tilton v. Ludwig, 327 Ill. App. 202, 63 N.E.2d 527.

As shown by the record the judgment appealed from follows: "On due consideration motion heretofore filed by defendant, Tom Harkey, d/b/a Harkey's Service Station, for summary judgment is granted by the Court. It is thereupon considered and adjudged by the Court that summary judgment be and the same is hereby entered in favor of defendant, Tom Harkey, d/b/a Harkey's Service Station, and against plaintiff, that said plaintiff, Porter S. Johnson, take nothing by his suit and that defendant, Tom Harkey, d/b/a Harkey's Service Station, go hence without day, each party to pay his own costs."

According to the authorities cited above the judgment entered by the court is final in form. However, section 50(2) of the Civil Practice Act (Ill Rev Stats 1959, c 110, § 50, subd 2), provides:

> If multiple parties or multiple claims for relief are involved in an action, the court may enter a final order, judgment or decree as to one or more but fewer than all of the parties or claims only upon an express finding that there is no just reason for delaying enforcement or appeal. In the absence of that finding, any order, judgment or decree which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not terminate the action, is not enforceable or appealable, and is subject to revision at any time before the entry of an order, judgment or decree adjudicating all the claims, rights and liabilities of all the parties.

■ Our Supreme Court has held that where the words of the statute are missing in the order sought to be appealed, the appeal must be dismissed. Ariola v. Nigro, 13 Ill.2d 200, 207, 148 N.E.2d 787.

■ The order granting the City's motion to strike count I of plaintiff's complaint and dismissing the complaint as to the City of Rockford is not final, and the present appeal from the summary judgment in favor of Tom Harkey must fail on account of plaintiff's failure to obtain an express finding that there is no just reason for delaying appeal from that judgment. This court is without jurisdiction to review the order complained of, and in the absence of the finding required by section 50(2) of the Civil Practice Act, the summary judgment entered is by the express provisions of that section, not appealable. Under well

established law we are obligated to dismiss this appeal.

We express no opinion as to whether or not there is any just reason for delaying an appeal from the summary judgment entered by the Circuit Court of Winnebago County or upon the merits of the attempted appeal from that judgment. For the reasons stated, this appeal is dismissed at plaintiff's costs.

Appeal dismissed.

DOVE and SMITH, JJ., concur.