W. A. Bruce and L. H. Bruce, Individually and as Partners, d/b/a Oak Park Food Service; and Freezo Center Corporation, an Illinois Corporation, Plaintiffs-Appellees, v. Leonard A. Ferrara, Individually and d/b/a Mid-America Food Service, Inc., a Corporation; Mary Eggert, Illinois Bell Telephone Company, a Corporation, and The Reuben H. Donnelley Corporation, a Corporation, Defendants-Appellants.

Gen. No. 50,616.

First District, Fourth Division.

June 30, 1967.

Frankenstein, Lewis & Feierberg, of Chicago (Paul A. Gold, of counsel), for appellants, Leonard A. Ferrara, Mid-America Food Service, Inc., and Mary Eggert.

Sidley, Austin, Burgess & Smith, of Chicago, for appellants, Illinois Bell Telephone Company and The Reuben H. Donnelley Corporation.

Groble & Groble, of Chicago (Raymond H. Groble, Jr., of counsel), for appellees.

MR. JUSTICE McCORMICK delivered the opinion of the court.

The plaintiffs, W. A. Bruce, and L. H. Bruce, individually, and d/b/a Oak Park Food Service, and Freezo Center Corporation, sued to enjoin the defendants, Leonard A. Ferrara, Mid-America Food Service, Inc., and Mary Eggert, from allegedly unfairly competing with plaintiffs in the business of selling home freezers and frozen food, and for an accounting for damages occasioned by the alleged unfair competition.

The case was referred to a master who held hearings and prepared a report with recommendations to the court and overruled all objections to the report. The objections stood as exceptions and were overruled by the trial court. On February 17, 1965, the trial court entered a judgment order permanently enjoining defendants from soliciting any of the 20,000 names contained in the nine volumes introduced in the hearing as Plaintiffs' Exhibit 18 (names which plaintiffs had in their possession), together with other provisions imposed upon the defendants.

The judgment order provided that Ferrara and Mid-America Food Service, Inc. be required to do the following:

". . . account and pay over to plaintiffs all the gain, profits and advantages derived by them, and each of them, from sales of frozen foods or memberships in frozen food purchase plans to any of plaintiffs' customers whose names appear upon the exhibit received in this cause as exhibit No. 18, and further that this cause be referred to Thomas D. Nash, Jr., Master in Chancery of this Court for the purpose

of taking an accounting in the manner provided by the rules of this Court; that this Court retain jurisdiction over this proceeding in order to enforce the provisions of this decree."

The judgment order is not a final and appealable order. Ill Rev Stats 1963, c 110, § 50(2). We are without jurisdiction to determine the appeal in spite of the fact that neither party has called attention to our lack of authority. Chicago Portrait Co. v. Chicago Crayon Co., 217 Ill 200, 202, 75 NE 473. In that case the court said: "A court finding it has no jurisdiction of a cause should dismiss it of its own motion, and the Appellate Court should have dismissed the appeal of its own motion at appellant's cost." See also Village of Niles v. Szczesny, 13 Ill2d 45, 145 NE2d 371; and Johnson v. City of Rockford, 26 Ill App2d 133, 169 NE2d 534.

In Cook County v. Hoytt, 41 Ill App2d 122, 124, 190 NE2d 150, the court said:

"Since determination of the rights of the parties . . . disposes of less than all of the claims for relief involved in the action, the order making such disposition cannot be final and appealable without an additional 'express finding that there is no just reason for delaying enforcement or appeal. . . .' "

By the statute piecemeal appeals are prohibited unless the trial court in the exercise of its discretion, makes the finding indicated. Ariola v. Nigro, 13 Ill2d 200, 148 NE2d 787; Hanley v. Hanley, 13 Ill2d 209, 148 NE2d 792. However, should the court below, on the application of the appellant see fit to enter an order that no just reason exists for delaying the appeal, and if the subject matter of this appeal were again to be presented to this court, the abstracts and briefs now on file could be

transferred to the file of the new appeal without re-printing.

Appeal dismissed.

ENGLISH, P. J. and DRUCKER, J., concur.