CHARLES LEHMAN

*v.*

MATTA FREEMAN.

1. APPEAL — *default of defendant, where plaintiff is not served.* Where an appeal from a judgment of a justice of the peace is perfected before the clerk of the appellate court, by one of two defendants, a summons should be issued to the plaintiff and the defendant not joining in the appeal; and if this is not

done, and no appearance of the plaintiff entered in writing ten days before court, it is error to render judgment against either defendant by default on the appearance of the plaintiff.

2. PRACTICE—*right to have a trial reciprocal.* As a general rule of practice, a party in court can not force his adversary to act, until he himself is in a condition to be forced to proceed.

APPEAL from the Superior Court of Cook County; the Hon. JOHN A. JAMESON, Judge, presiding.

This was an action of replevin, originally brought before a justice of the peace, by Matta Freeman against Charles Lehman and Nick Trease. Lehman alone appealed from the justice's judgment, perfecting his appeal before the clerk of the Superior Court.

Mr. CHARLES J. BEATTIE, for the appellant.

Mr. JUSTICE SHELDON delivered the opinion of the Court:

This was an action of replevin, commenced before a justice of the peace of Cook county, against appellant and one Nick Trease, wherein judgment by default was rendered against the defendants, on October 13, 1873, for 1 cent damages, and property in the plaintiff.

Appellant took an appeal to the Superior Court of Cook county, filing his appeal bond and a transcript of the judgment with the clerk of that court, October 22, 1873, the other defendant, Trease, not joining in the appeal. It does not appear from the record that any summons was ever issued from the Superior Court to the appellee, or to the co-defendant, Trease, or any appearance by the latter, or that there was ever any appearance of the appellee entered in writing and filed among the papers in the cause ten days before the first day of any term of the Superior Court, or at any other time ; or that any step whatever was taken in the cause by either of the parties until at the June term, 1876, of the Superior Court, when, the cause being called for trial, the plaintiff in the suit came by his attorney, the

14 — 86TH ILL.

default of the defendants was entered, and a jury, being called, found a verdict for the plaintiff, and assessed his damages against the defendants in the sum of $200, for which judgment was rendered. The defendant Lehman appeals.

The default and judgment in this case were irregular. A summons never having issued against the appellee in the Superior Court, and he never having entered his appearance in writing ten days before any term of the court, nor in any manner or at any time until the calling of the cause for trial, he could not have been forced to proceed to a trial at that term ; and if he could not, neither could the appellant. As a general rule of practice a party in court can not force his adversary to act, until he himself is in a condition to be forced to proceed. *Hooper* v. *Smith*, 19 Ill. 53. The judgment by default, therefore, against the appellant at that term was erroneously entered ; the cause should have been continued. The judgment against Trease was unwarranted, there never having been summons to him, but on motion the court set aside the judgment as to him.

The judgment is reversed and the cause remanded.

*Judgment reversed.*