# John C. McVey

v.

# Charles Huott.

1. Appeal from justice court—Appearance—Filing trial notice.—The circuit court has no power to proceed to trial or dismiss an appeal from a justice of the peace, without the consent of the appellant, unless the appellee has been brought into court ten days before the term, either by service of summons, the return of two *nihils* or voluntary, appearance. The filing of a trial notice by appellee is not such an entry of appearance as is contemplated by the statute.

2. Payment of costs of appearance.—The payment of the statutory costs of entering an appearance is a condition precedent to the right of appellee to enter his appearance.

Appeal from the Circuit Court of Cook county; the Hon. John G. Rogers, Judge, presiding. Opinion filed July 25, 1882.

In this case, Charles Huott, the plaintiff, brought suit against John C. McVey, the defendant, before a justice of the peace of Cook county and recovered a judgment for $102.87 and costs. On the 8th day of December, 1879, McVey appealed to the circuit court by filing his appeal bond with the clerk, and on the 15th day of the same month the transcript and papers from the justice were filed in that court. No summons to the appellee was issued, nor was his formal appearance entered in writing and filed with the papers in the case. It appears, however, that on the 5th day of September, 1881, and more than ten days before the first day of the October term, 1881, of said court, the appellee's attorney left with the clerk of the court a trial notice of which the following is a copy:

"Gen. No. 33563. Trial Notice. Appeal. Term No. 4105.

"Circuit Court of Cook County.

"Huott }
   v.    }   —
"McVey. }

"The clerk will please place the above entitled cause upon the trial calendar for Sept. Term, A. D. 187–.

" To the clerk of the Circuit Court of Cook County.

" Date, August 25, 1881."

The appearance fee of $1.50 required by Sec. 33 Chap. 53 of the Revised Statutes was not paid, and the trial notice was not marked filed by the clerk, nor placed among the papers in the case, but was put and kept in a package of trial notices. The cause, however, was placed on the trial calendar under the title of Knott v. McVey and was reached for trial on the 18th day of October, 1881, being the second day of the October term. The defendant thereupon moved for a continuance on the grounds: 1, that appellee had not been served with process and that his appearance had not been entered in writing and filed among the papers in the case ten days before the first day of the term; and, 2, that he had not paid the appearance fee required by the statute. But the court, at the hearing of the motion, permitted the appellee to pay said appearance fee and ordered said trial notice to be filed *nunc pro tunc*, as of the day it was left with the clerk, and then denied said motion for a continuance and ordered the trial of the cause to proceed forthwith, to which rulings of the court defendant duly excepted. A trial was then had, resulting in a verdict in favor of the plaintiff for $102.87, for which sum, less $30, remitted by the plaintiff, and costs, the plaintiff had judgment.

Mr. CHARLES J. BEATTY, for appellant.

BAILEY, J. The law is well settled, that when an appeal from a justice of the peace is perfected by filing the appeal bond with the clerk of the circuit court, the court has no power to either dismiss or try the appeal without the consent of the appellant, unless the appellee has been brought into court ten days before the term, either by service of summons, the return of two *nihils*, or voluntary appearance. R. S. Chap. 79, Sec. 68; Lehman v. Freeman, 86 Ill. 208; Sheridan v. Beardsley, 89 Id. 477; Camp v. Hogan, 73 Id. 228; Faas v. O'Conner, 6 Bradwell, 596; McMullen v. Graham, Id. 239.

In this case, there was neither the service of summons on

the appellee nor the return of two *nihils*. The only question is, whether the delivery to the clerk of the circuit court by the appellee's attorney, of the trial notice, constituted such entry of appellee's appearance as entitled him to a trial at the October term, 1881.

That it was not such entry of appearance in writing as is contemplated by Sec. 68, Chap. 79 of the Revised Statutes, seems very plain. By that section it is provided that the appearance of the appellee may be entered in writing and filed among the papers in the case, and that if it is so entered ten days before the first day of the term of court the case shall stand for trial at that term. It will be observed that not only must the appearance of the appellee be entered in writing, but the paper by which such entry of appearance is made, must be filed with the papers in the case. The design of these provisions is quite obvious. It is not merely to bring the appellee within the jurisdiction of the court by a voluntary appearance, but also to place the evidence of such appearance on file, where it will be seen and known by the other party, so that he, for at least ten days before the term, may have notice of the fact that the cause is in a condition to be forced to trial. In this case, the trial notice was neither filed nor placed among the papers in the case ten days before the term. Whatever may have been its effect in bringing the appellee within the jurisdiction of the court, it was not placed where the appellant was bound to look for it, or where it served to give him notice that the appellee was in court. Thus one of the essential requirements of the statute was not met.

It may still further be observed that the trial notice was not in form an entry of the appellee's appearance, and we are unable to hold that it was such in effect. It was a paper without the signature of either the appellee or his attorney, requesting the clerk to put the case on the trial calendar. It was a mere memorandum for the guidance of the clerk in compiling such calendar, and neither was nor was intended to be filed as one of the papers in the case. This mere request or direction to put the case on the trial calendar, made to the clerk in vacation, can not, we think, be held to have been such a step in

the prosecution of the suit as brought the person of the appellee within the jurisdiction of the court.

But there is still another reason why the trial notice was ineffectual to enter the appearance of the appellee. By Sec. 33, Chap. 53, of the Revised Statutes it is provided that, in counties of the third class, an appellee, before he shall be entitled to enter his appearance in any suit, shall pay to the clerk of the court the sum of $1.50 as costs. The payment of this sum is thus made a condition precedent to the right of an appellee to enter his appearance in the suit. As the appellee failed to make this payment he had no right to enter his appearance, and even if we could hold that he had attempted to do so, he had not thereby placed himself in a position where he was entitled to a trial without the consent and against the protest of the appellant.

The court erred in refusing a continuance and compelling the appellant to go to trial, and for that error the judgment must be reversed and the cause remanded.

*Judgment reversed.*