## J. C. Cooper, Plaintiff in Error, v. Peoples Trust and Savings Bank, Defendant in Error.

### Gen. No. 25,396.

1. BANKS AND BANKING, § 134*—*when bank is not liable for payment of check.* A bank was not liable to a depositor for the amount of a check given by plaintiff in payment of an automobile, where defendant introduced no evidence and plaintiff's evidence showed that the automobile was taken by the police as a stolen car and delivered to the true owner and where the pleadings, statement of claim, affidavit of merits and testimony led directly to the conclusion that plaintiff failed to prove that the payment of the check by defendant was not in reality to the payee, the person named in the check.

2. BANKS AND BANKING, § 146*—*when forgery of check is not shown.* Although, if the automobile for which a check was given was a stolen one, a crime was committed by the payee in getting the check, that crime was getting money under false pretenses, and from that it followed that when the check was subsequently indorsed and negotiated and paid through the clearing house, a forgery was not necessarily committed, so as to hold the bank liable to the depositor for making payment according to the terms of the check.

Error to the Municipal Court of Chicago; the Hon. IRWIN R. HAZEN, Judge, presiding. Heard in this court at the October term, 1919. Affirmed. Opinion filed November 4, 1920.

ALBERT O. OLSON, for plaintiff in error.

COOKE, SULLIVAN & RICKS, for defendant in error; FRANCIS L. DAILY and FRANK A. LASLEY, of counsel.

MR. PRESIDING JUSTICE TAYLOR delivered the opinion of the court.

This is a suit by the plaintiff in error, J. C. Cooper, against the defendant for the amount of a check drawn by the plaintiff on the defendant bank and paid by the

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

defendant on an alleged forged indorsement. The plaintiff's statement of claim sets forth elaborately what purports to be a history of the whole transaction and the affidavit of merits denies most of the important allegations of the statement of claim. The cause was tried before the court without a jury and at the close of the plaintiff's evidence and upon motion by the defendant the court found the issues for the defendant and entered judgment thereon.

On May 7, 1917, the plaintiff drew a check in the sum of $781 upon his account in the Peoples Trust & Savings Bank, the defendant, payable to the order of A. Johnson; he gave the check to one Guy Harrison. On the same day the check was presented to and certified by the defendant. The evidence does not show by whom. Subsequently one Weinberc went to the Hibernian Bank, "O. K.'d the check and the indorsement and it was paid through that bank after acceptance by the defendant."

The testimony of the plaintiff is that he drew the check on May 7, 1917, on his account as a depositor with the defendant, Peoples Trust and Savings Bank, to pay for a Buick automobile; that one Harrison told him he had a Buick automobile and asked him if he wished to look at it and that he, the plaintiff, told him that if the car was all right he would take it; that subsequently Harrison said to the plaintiff, "I have delivered the automobile at your garage and you can make me out a check for it"; that he, the plaintiff, then said, "I won't make out a check to you, I am buying it from the owner, I will make out a check only to him"; that Harrison then said, "I will come back and bring you the bill of sale and give it to you"; that he did come back and then said, "You can make out that check to A. Johnson, the owner of the automobile"; that Harrison said he was making a commission; that he, the plaintiff, then delivered to him the check; that he "re-

lied upon him (Harrison) as being the agent of the owner to deliver that check.''

It is admitted in the defendant's brief that it was stipulated that, if present, one Vaughn, a policeman, would testify that on May 28, 1917, he took a Buick car from Cooper as a stolen car and delivered it to one B. H. Barnett as the owner; that B. H. Barnett, if present, would testify that he was the owner of the car; that the check here in question never came to his, Barnett's, hands; that he did not indorse it nor authorize any one to indorse it for him.

The defendant in its affidavit of merits stated that it did not admit that the check did not come from the hands of the said A. Johnson and was not indorsed by him or his order; that the said sum of $781 was not paid to him; that it does not admit that in April, 1917, one Guy Harrison made certain representations to the plaintiff or that Harrison brought a certain Johnson, an insurance adjuster, to the plaintiff, and does not admit that Harrison purported to sell the automobile to the plaintiff or that the plaintiff gave him a check as agent of and for the use of the said Johnson.

It is the contention of the plaintiff that in a suit by a depositor against a bank when the question is whether the bank has disbursed the depositor's funds upon proper authority and to the proper parties the burden of proof is upon the bank and that the bank is liable to the depositor if it pays to some one other than the intended payee and charges it to his account.

Although the evidence and the admissions seem to show that one Barnett was the owner of the automobile that was delivered and purported to be sold to the plaintiff and that neither Johnson nor Harrison had any interest in it, and that the plaintiff gave Harrison a check payable to one A. Johnson in payment for the stolen automobile, and the check was subsequently certified and finally paid by the defendant bank, there is not sufficient evidence in the record of

the failure of the bank to identify the payee or that the bank was guilty of any negligence. And further there is no evidence that the check was not indorsed by A. Johnson or by his authority; for, although it is set up in the statement of claim that through the connivance of Harrison the check was signed and indorsed by a woman by the name of A. Johnson and not the payee described in said check, those allegations were denied in the amended affidavit of merits and of these facts no affirmative proof whatever was offered by the plaintiff.

A careful scrutiny of the pleadings, the statement of claim and the affidavit of merits and the evidence, which latter is contained in the testimony of the plaintiff and what purports to be such testimony as would have been given by Vaughn and Barnett, if called, leads directly to the conclusion that the plaintiff has failed to prove that the payment of the check by the defendant was not, in reality, to the payee, the person named in the check. Of course, if the payment was made according to the terms of the check, the plaintiff is out of court. It is true that the defendant offered no evidence, but it does not follow from that that the plaintiff has shown that the indorsement was forged or that the defendant failed in its duty towards him. The check may have been obtained by Harrison from the plaintiff in payment for a stolen automobile, but, where the plaintiff under such circumstances gives a check payable to one Johnson and that check is subsequently certified and goes through the clearing house and is paid by the drawer's bank, the bank is immune and entitled to charge up the check to the plaintiff's account unless something in the way of guilty knowledge or negligence on the part of the bank is shown.

The plaintiff may have been deceived as to the true name of A. Johnson or as to who he was and mistaken as to the ownership of the automobile, but A. Johnson, or whoever represented himself to be A. Johnson,

had the right to payment as between himself and the bank "it having no notice of or part in the fraud or the transaction in which it was practiced." *Meyer v. Indiana Nat. Bank,* 27 Ind. App. 354. In the latter case that court further said: "Appellants are the victims of a fraud as bold as it was successful. They did not protect themselves when they could have done so, and the bank had neither opportunity nor power to take better care of them than they themselves did." *McHenry v. Old Citizens' Nat. Bank of Zanesville,* 85 Ohio St. 203; *Land Title & Trust Co. v. Northwestern Nat. Bank,* 196 Pa. St. 230.

The plaintiff intended that the payee, one Johnson, should use the check, either get it cashed or indorse it over, and, of course, if the automobile for which the check was given was stolen, a crime was committed in getting the check, but that crime was getting money under false pretenses, and from that it follows that when the check was subsequently indorsed, and negotiated, and paid through the clearing house, that that did not necessarily involve a forgery.

Further, there is no evidence whatever that the indorsement of the name of the payee was not made by A. Johnson, and from that it follows that the plaintiff did not make out a prima facie case of lack of care on the part of the defendant. The plaintiff urges that that the burden of introducing evidence to show that the defendant exercised appropriate care fell upon the defendant and that as the defendant offered no evidence judgment should have been entered in favor of the plaintiff. That contention is unsound. The plaintiff was bound first to make out a prima facie case. He failed to do so and it then became the duty of the trial judge to enter judgment for the defendant.

We are of the opinion that the evidence and admissions of the pleading (and the latter we are not legally bound to consider inasmuch as the rules of the municipal court are not contained in the bill of exceptions)

entirely fail to prove that the defendant either paid the check on a forged indorsement or was guilty of any negligence or other dereliction.

Finding no error in the record the judgment is affirmed.

*Affirmed.*

O'CONNOR, J. and THOMSON, J., concur.