## J. T. Duncan, Appellant, v. The National Bank of Decatur, Appellee.

### Gen. No. 8,977.

Opinion filed April 17, 1936.

MARTIN & HUTCHENS, of Decatur, for appellant.

REDMON, REDMON & BODMAN, of Decatur, for appellee.

MR. JUSTICE FULTON delivered the opinion of the court.

The appellant J. T. Duncan was a resident of the city of Decatur, having no particular profession or occupation outside of looking after and caring for his own property. On May 11, 1933, a man, representing his name to be Marshall, called upon the appellant at his home. The appellant and Marshall entered into a business transaction for the exchange of certain securities. As a part of the contract the appellant delivered to Marshall certain securities and two checks representing the difference in value between the securities to be exchanged. In return for the securities and checks received from the appellant, Marshall, or the company he claimed to represent, was to send appellant certain other securities. These securities were never received by appellant.

The two checks in question were signed by the appellant and made payable to L. H. Van Leer. The appellant testified that he did not know whether or not there was such a person but that he did make the checks. Both of these checks were presented to the

appellee, the National Bank of Decatur, where they were certified by the bank on May 13, 1933, as to the amount and as to the signature of the maker only. The testimony does not disclose who presented the checks for certification but they were not presented by appellant. One check was later cashed at the Drake Hotel in Chicago, after having been indorsed with the names L. H. Van Leer and H. R. Marshall. It was paid by appellee on May 16, 1933, coming to the appellee from the First National Bank of Chicago, Illinois.

The other check was cashed at the Whitehall Hotel in Chicago after having been indorsed with the names L. H. Van Leer and A. G. Saunders. It was sent to the appellee bank, passing through the Lake Shore Trust and Savings Bank, the First National Bank of Chicago and the Federal Reserve Bank. These two checks were paid by appellee and aggregated the sum of $1,002 and were then regularly deducted from appellant's account.

On May 1, 1934, the appellant presented a check to the appellee in the amount of $2,636.08. Payment was refused and the check marked, "N. S. F.," meaning not sufficient funds. On the same date and after the demand was made upon the appellee for the sum of $2,636.08, appellant cashed a check for $25 which was deducted from his account. After this check for $25 was cashed, the deposit of the appellant on the books was shown to be the sum of $1,609.08; thus it appears that the amount of appellant's balance on May 1, 1934, was the sum of $2,636.08, providing the two checks had not been charged to his account. It is the contention of the appellant that the amount of the check and the demand was for the correct balance. Appellant then brought suit against the appellee to recover the sum of $2,636.08 as his deposit in the bank. The cause was tried by the court without the intervention of a

jury and judgment was entered in favor of the appellee bank from which judgment this appeal was taken.

The brief of appellant sets forth several errors relied upon for reversal but in his argument asserts that there is only one question involved in the case, namely: "Who had the burden of proving the genuineness of the endorsement of the payee on the two checks, marked Defendant's Exhibits A and B and their proper certification?" The appellant urges that because in his reply to the answer of appellee he denied by affidavit the indorsement of the payee on each of the checks, that thereby he prevented the admission of the two exhibits unless the appellee, by proper proof, established the genuineness of the indorsements of the payee. Appellant offered no proof in support of the invalidity of the indorsements and his affidavit of denial was based upon information and belief, as follows:

"That he is informed and believes, and so states the fact to be upon such information and belief that the purported signature of L. H. Van Leer placed upon the back of defendant's exhibit A and defendant's exhibit B, attached to the defendant's amendment to answer filed in said cause on November 13, 1934, are not the signatures of L. H. Van Leer and were not signed by him or by any person at his request or authorization." This affidavit does not conform to the statute requiring that "The allegation of execution or assignment of any instrument in writing shall be deemed admitted unless denied by a pleading verified by oath," etc.

In *Ingram v. Reiman*, 81 Ill. App. 123, cited by appellant, there was a positive denial of the execution of the note sued upon.

When appellant was called to the stand by the appellee, he testified that he did not know whether the signature claimed not to be genuine was genuine or not. As we understand the law, it is not necessary for a bank to prove that it exercised care in paying a check until

it is proved that the indorsement is not genuine. *Cooper v. Peoples Trust & Savings Bank,* 219 Ill. App. 447. It is further a presumption of law that every holder of a negotiable instrument is presumed to be a holder in due course and that in the absence of evidence to the contrary every indorsement appearing upon a bill or note will be presumed to be valid. *Owens v. Nagel,* 334 Ill. 96. While there is considerable doubt as to whether the affidavit of appellant, based upon information and belief, is sufficient, still it would not be considered as evidence in any event and the testimony of the appellant that he knew nothing about the genuineness of the indorsement coupled with the presumptions of law in favor of the holder of a bill or note in due course surely overcomes the denial of the indorsement in such an affidavit. Contrary to the assertion of the appellant, it is our judgment that a presumption exists, that when the name of a payee appears on the back of a bill or note it is the indorsement of the payee, providing there is no evidence of any kind offered to rebut it.

In this case the check was certified two days after it was delivered to Marshall, who claimed to be the agent of the payee, and the appellant dealt with him as such. Where a check is certified at the instance of the payee the drawer is discharged and the drawee is liable to the payee. *McCarty Bros. v. Ft. Dearborn Nat. Bank,* 208 Ill. App. 282 (Abst.). In all of the cases cited in appellant's brief where a bank has been held liable for payments made on a forged indorsement, it was clear that in each case the indorsement was admitted to be forged. In this case the forgery is denied and there is no proof of any kind that it was a forgery.

It is our opinion that the judgment entered in this case was fatally defective. It recited as follows:

"Parties appear by attorneys, and this cause having been heard at a former term of this court, and taken

under advisement, and the Court being now well and sufficiently advised in the premises, enters his finding herein for and in favor of defendant National Bank of Decatur, a corporation, and against plaintiff J. T. Duncan for costs.

"It is therefore, ordered and adjudged by the Court that said defendant, National Bank of Decatur, a corporation, do have and recover of and from plaintiff, J. R. Duncan, the costs incurred herein, and that it have execution therefor."

It has been repeatedly held in this State that a judgment for costs only is not a proper judgment and from which an appeal will lie. *Town of Magnolia v. Kays,* 200 Ill. App. 122.

A proper judgment order would have been as follows:

"Therefore, it is considered by the Court that the plaintiff take nothing by his suit and that the defendant go hence without day and that the defendant do have and recover of, and from the plaintiff his costs and charges, in this behalf expended and have execution therefor."

While we believe the trial court was correct in finding the issues for the appellee, still there was no valid final judgment, and the appeal must therefore be dismissed.

*Appeal dismissed.*