John J. Wolf, Appellant, v. Proviso Hospital Association, Appellee.

Gen. No. 41,243.

480

Opinion filed April 15, 1941.

WILLIAM C. GREATMAN, of Chicago, for appellant; ODE L. RANKIN, of Chicago, of counsel.

WILLIAM G. FERSTEL and ARTHUR W. MAIN, both of Chicago, for appellee.

MR. PRESIDING JUSTICE FRIEND delivered the opinion of the court.

Plaintiff sued defendant on a note for $1,000, and interest. Summons, returnable to the June term of the circuit court, was served on defendant May 6, 1939. June 15, 1939, plaintiff procured an order of default against defendant and judgment was entered in favor of plaintiff for $1,763.20. Thereafter execution issued and was served July 10. July 14, 1939, defendant, pursuant to notice, petitioned the court to vacate the judgment, alleging, *inter alia*, that it had not been duly served, and that it was first apprised of the judgment when execution was served upon it. Hearing on the petition was thereupon continued to August 2, 1939, and thereafter by a series of continuances, during which the petition was amended and plaintiff interposed his answer thereto, until November 7, 1939, when an order was entered upon the amended petition and plaintiff's answer, vacating the judgment of June 15, 1939, and requiring defendant to answer the com-

plaint within 15 days. Plaintiff appeals from the order thus entered.

Aside from various considerations relating to the merits of the cause, and the question of valid service, plaintiff's principal contention is that defendant failed to pay its appearance fee when it petitioned the court July 14 to vacate the default and judgment of June 15, 1939; that it did not in fact pay the appearance fee until July 27, 1939, which was 12 days after the judgment became final; and it is therefore urged that the court had no jurisdiction, after term, to vacate the judgment November 7, 1939.

While the case was here pending defendant moved to dismiss the appeal, principally on the ground that the order of November 7, 1939, vacating the default and setting aside the judgment, was interlocutory and therefore not appealable. The motion was reserved to hearing, and because it affects the principal contention made by plaintiff on appeal, namely, that the court had no jurisdiction to vacate the judgment by default of June 15, 1939, we shall consider these two questions together.

Plaintiff relies on par. 51, sec. 33, ch. 53, Ill. Rev. Stat. 1939 [Jones Ill. Stats. Ann. 48.034], relating to the payment of fees to the clerk, which contains the following provisions: "At the time of the commencement of every suit at law . . . the party or parties . . . shall pay to the clerk of the court the sum of fifteen dollars . . . which . . . shall be in full payment for all services of such clerk on behalf of the plaintiff or plaintiffs, . . . in the progress of such suit, from the commencement to the final termination thereof," and that "the defendant or defendants . . . before he, she or they shall be entitled to enter his, her or their appearance or file any plea, answer or demurrer in any suit at law or equity, shall pay to the clerk of the court the sum of five dollars . . . which sum, . . . shall in like manner be in full

payment of and for all services rendered, or to be rendered by the clerk, for or on behalf of the defendant or defendants . . . in or during the progress of such suit to the final termination thereof. . . ."

It is argued by plaintiff that under the latter provision the payment of an appearance fee is a condition precedent to the filing of any plea or motion, and that jurisdiction to hear a defendant depends on payment. Although it is conceded that defendant presented its petition to vacate the judgment 29 days after it was rendered, and therefore within the term, it is argued that since the appearance fee was not paid until July 27, which was 12 days after the term, the court lost jurisdiction to entertain the petition, and even though the hearing on the petition and amendments thereto was postponed by a series of continuances granted, without any break in the continuity of these continuances, the court had no jurisdiction on November 7 to vacate the judgment, since no appearance fee had been paid when the petition was presented and within the 30 days.

The contention that the payment of an appearance fee is a condition precedent to the filing of any plea or motion depends upon the interpretation of the quoted provision of section 33, chapter 53 of the Illinois Revised Statutes. The cases relied on by plaintiff, *McVey v. Huott,* 11 Ill. App. 203, and *Schofield v. Thomas,* 231 Ill. 114, have no application to the payment of appearance fees in connection with a motion to vacate a default judgment. No cases which are directly applicable to this proceeding are cited by either of the parties. The only analogy that we find in the law relates to that portion of the statute which provides for the payment of jury fees (sec. 33, par. 51, ch. 53, Ill. Rev. Stat. 1939, second paragraph [Jones Ill. Stats. Ann. 48.034]). This part of the statute provides that jury fees, if not paid by plaintiff, "shall be paid by the defendant . . . at the time of enter-

ing his appearance." By rule 26 (Ill. Rev. Stat. 1939, ch. 110, par. 259.26 [Jones Ill. Stats. Ann. 105.26]), the Supreme Court determined the time of payment of jury fees to be "at the time of the entry of the order opening the judgment," and not at the time of presenting the motion to vacate. This rule is applicable to cases where judgment had been entered by default and motion was made to vacate the judgment, appear and secure trial by jury. Like the case at bar, this section, and the rule interpreting it, relate to a proceeding after judgment. The words used in the two paragraphs of the section are similar. They both relate to items of cost which if paid in advance of the opening of the judgment cannot be recovered if the motions are denied. The Supreme Court evidently recognized this difficulty by interpreting the statute with respect to payment of jury fees to mean that such fee should be paid at the time of the entry of the order opening the judgment, and not when the petition was presented to the court. It would obviously be as unreasonable to require payment of an appearance fee before leave is given to appear as it is to require payment of jury fees before the right of a trial by jury is granted by the opening of the judgment.

The evident purpose of the section upon which plaintiff relies is to provide compensation for the clerk's office in counties of the third class where, due to the volume of litigation both parties must contribute to the burden of operating the office. In other counties only the plaintiff contributes when his bill of complaint is filed, and no appearance fee is required. As we read the section of the statute, it means that in the ordinary course of litigation, where a defendant has been duly served with summons, and comes into the proceeding as a matter of right, he is required to pay to the clerk of the court a fee of $5 before he becomes entitled to enter his appearance, or to "file any plea, answer or demurrer in any suit at law or equity." In

the case at bar, the time within which defendant was entitled to file its answer in the regular course had expired, and judgment had been entered against it by default. It therefore had no standing in court until it had presented to the court by its petition sufficient ground for vacating the judgment and was given leave to come into the case by filing its answer, and until then there was no occasion for payment of an appearance fee.

The record discloses that the order vacating the judgment and granting defendant leave to file its answer was not entered until November 7. It is clear, however, that the petition for leave to appear was presented to the court within 30 days, and continued from time to time until the order of November 7 was entered. Nevertheless, defendant paid its appearance fee on July 27, which was long before the judgment by default was set aside, and we think that a reasonable interpretation of the statute did not require defendant to pay an appearance fee until the court by its order had actually allowed it to come into the case and defend.

Under the circumstances, the court had jurisdiction to vacate the judgment upon a sufficient showing, and its order of November 7, 1939, was not a final order. The courts so held under similar circumstances in *Cramer v. Illinois Commercial Men's Ass'n*, 260 Ill. 516; *Walker v. Oliver*, 63 Ill. 199; *Town of Magnolia v. Kays*, 200 Ill. App. 122. In these cases orders setting aside defaults and vacating judgments in order to allow defenses, were held to be interlocutory. The reason underlying these decisions is well expressed in *City of Park Ridge v. Murphy*, 258 Ill. 365, wherein a default judgment was taken against certain real estate owned by Murphy, who subsequently moved to vacate on the ground that proper service had not been had upon him in accordance with the provisions of the statute, and the court said, "upon a re-trial of the case

the court may re-enter the same judgment or modify it or render an entirely different judgment, but until such final judgment is rendered there is no final disposition of the case within the meaning of the statute which allows appeals and writs of error to review final judgments." These decisions hold that a judgment, to be final, must terminate and completely dispose of the action, but that an order vacating a judgment and allowing the defendant to appear and defend, is not final.

It would therefore follow that defendant's motion to dismiss the appeal, being predicated upon an interlocutory and not a final order, should be allowed, and it is so ordered.

*Appeal dismissed.*

SCANLAN and JOHN J. SULLIVAN, JJ., concur.