Eric F. Anderson, Appellant, v. Chester G. Samuelson and Donald C. Samuelson, Appellees.

Gen. No. 10,368.

Opinion filed May 4, 1950.
Released for publication May 23, 1950.

528

HUBER, REIDY & KATZ, of Rock Island, and OAKLEAF & CHURCHILL, of Moline, for appellant; ISADOR I. KATZ, of Rock Island, and CYRUS CHURCHILL, of Moline, of counsel.

SOLLO, GRAHAM & CALIFF, of Moline, for appellees; R. G. GRAHAM, of Moline, of counsel.

MR. PRESIDING JUSTICE WOLFE delivered the opinion of the court.

This is a personal injury suit in which the appellant, Eric F. Anderson brought suit against the defendants, Chester G. Samuelson and Donald C. Samuelson. It is charged in the complaint that the defendants negligently and carelessly drove their automobile on and along 14th avenue in the City of Rock Island, Illinois, and as the plaintiff was in the exercise of due care and caution for his own safety in crossing said street, the defendants' automobile struck the plaintiff and seriously injured him. The defendants filed their answer and denied all acts of negligence. The case was submitted to a jury who found the defendants not guilty. The court entered judgment on the verdict, and from this judgment order the plaintiff has perfected an appeal to this court.

The judgment order is as follows: "On this 14th day of December, A. D. 1948 comes the plaintiff by Huber, Reidy & Katz and Oakleaf & Churchill, his attorneys, also come the defendants by Sollo, Graham & Califf, their attorneys, and the court having heard arguments of counsel on plaintiff's motion for new trial, and being now fully advised in the premises, said motion is overruled and a new trial denied. And now on motion of the said defendants for judgment on the verdict herein, it is now considered and adjudged by the court that the said defendants, Chester G. Samuelson and Don C. Samuelson do have and recover of and

529

from the said plaintiff, Eric F. Anderson, their costs by them in and about this suit expended, and that execution issue therefor.''

██ Both the appellant and appellee have filed briefs in this court, and have not raised the question whether this is a final judgment. If it is not, this court does not have jurisdiction of the case, and the court will, of its own motion, dismiss the appeal. Section 77 of the Practice Act [Ill. Rev. Stat. 1949, ch. 110, par. 201; Jones Ill. Stats. Ann. 104.077] provides: ''Appeals shall lie to the Appellate or Supreme Court, in cases where any form of review may be allowed by law, to revise the final judgments, orders or decrees of the circuit courts etc.'' The language of the statute is practically the same as in the old Practice Act.

██ It will be observed that this judgment is for costs only, and both our Supreme and Appellate Courts have frequently held that such a judgment is not a final appealable order. The leading case on the subject is *Chicago Portrait Co. v. Chicago Crayon Co.,* 217 Ill. 200. The case was appealed to the Appellate Court from the circuit court, and the question of the sufficiency of the judgment was not raised. When the case reached the Supreme Court, the court on its own motion questioned the sufficiency of the judgment order, which is as follows: ''Therefore it is considered by the court that the defendant do have and recover of and from the plaintiff its costs and charges in this behalf expended and have execution therefor.'' It will be observed that the judgment order in this and the case we are considering, are practically the same. The Supreme Court in discussing the case uses this language: ''The judgment was not final and the statute only authorizes appeals from final judgments. The circuit court merely sustained a demurrer to the declaration, and neither adjudged that the plaintiff take nothing by the writ or that the defendant go hence without day, and the judgment contained no words of

equivalent meaning. There was no trial of any issue resulting in a finding for the defendant, as there was no issue to be tried and there was nothing in the nature of a determination of the rights of the parties. Such a judgment is not final. (*Wenom v. Fossick*, 213 Ill. 70; 11 Ency. of Pl. & Pr. 925.) The only question therefore is whether appellant is estopped, by taking the appeal, from questioning the jurisdiction of the Appellate Court. If a court, on appeal, has jurisdiction of the subject matter and of the parties, any objection to the manner in which it reaches the court will be waived by the parties appearing and pleading without objection. (*Lynn v. Lynn*, 160 Ill. 307.) But where the court has no jurisdiction of the subject matter, the jurisdiction cannot be conferred by agreement of parties and the want of jurisdiction cannot be waived by failing to object. (2 Cyc. 536.) The fact that appellant took the appeal to the Appellate Court does not affect the question. (*Peak v. People*, 71 Ill. 278.) It is not competent for parties to confer jurisdiction of the subject matter upon an appellate court by their stipulation. (*Westcott v. Kinney*, 120 Ill. 564.) In this case the Appellate Court had no jurisdiction of the subject matter, not being authorized by law to hear or consider an appeal from a judgment which is not final, and appellant is not legally estopped to set up a want of jurisdiction. A court finding it has no jurisdiction of a cause should dismiss it of its own motion, and the Appellate Court should have dismissed the appeal at appellant's cost. Appellant having taken an appeal where by law no appeal would lie, will not be permitted to recover costs but will be required to pay all costs occasioned by such appeal.''

This court in the case of *Town of Magnolia v. Kays*, 200 Ill. App. 122, held that a similar judgment order was not a final and appealable one and stated that, ''the valid form of a judgment for defendant after verdict in an ordinary common-law action is that it

is considered by the court that the plaintiff take nothing by his suit and that defendant go hence without day, or other equivalent words with a judgment for costs and execution therefor.''

It is held in the case of *Brauer Machine & Supply Co. v. Parkhill Truck Co.,* 383 Ill. 569: ''As the question whether an order appealed from is a final order is a question going to the jurisdiction of the court of review, it is not waived by failure to raise it in the Appellate Court, as the parties cannot, by failing to raise the question, or by consent, confer jurisdiction on the Appellate Court to review the order if, in fact, it is not one from which an appeal lies.'' The court cited and quoted with approval from the case of *Chicago Portrait Co. v. Chicago Crayon Co., supra.* To the same effect is *Daab v. Ritter,* 294 Ill. App. 203.

The judgment order in the case of *Duncan v. National Bank of Decatur,* 285 Ill. App. 305, is as follows: ''It is therefore ordered and adjudged by the court that the said defendant, National Bank of Decatur, a corporation, do have and recover of and from plaintiff, J. R. Duncan, the costs incurred herein, and that it have execution therefor.'' The court there held that it was not a final judgment and dismissed the appeal. To the same effect is *Wolf v. Proviso Hospital Ass'n,* 309 Ill. App. 479 and *Mid City Wholesale Grocers, Inc. v. Bischoff,* 327 Ill. App. 268.

This court had before it the same question in the case of *Flaningam v. Flaningam,* 331 Ill. App. 418, and there held that the order appealed from was not a final judgment or decree, and stated that it is incumbent upon the court to dismiss the appeal.

In the present case we find that there is not a final judgment, and the court does not have jurisdiction to entertain the appeal, consequently, the appeal must be dismissed.

*Appeal dismissed.*