BRITAMCO UNDERWRITERS, INC., Plaintiff-Appellee, v. J.O.C. ENTERPRISES, INC., d/b/a Circus Pub, *et al.*, Defendants-Appellants.

Second District   No. 2—93—0081

Opinion filed November 19, 1993.

Richard J. Smith, of Sullivan, Smith, Hauser & Noonan, Ltd., of Waukegan, for appellant Andrew M. Abbott.

James J. Hermann, Jr., of James J. Hermann, P.C., of Waukegan, for appellant J.O.C. Enterprises, Inc.

Paul S. Festenstein and Francis J. Leyhane, both of Condon & Cook, of Chicago, for appellee.

PRESIDING JUSTICE INGLIS delivered the opinion of the court:

This appeal arises from a declaratory judgment action in the circuit court of Lake County. Defendant Andrew M. Abbott (Abbott) filed a complaint against codefendant J.O.C. Enterprises, d/b/a Circus Pub (Circus), alleging liability for injuries inflicted upon Abbott by other patrons of Circus. Plaintiff, Britamco Underwriters, Inc. (Britamco), filed a complaint for declaratory judgment, claiming that because defendant Circus' policy of insurance did not cover the liabilities alleged in Abbott's complaint, Britamco had no duty to defend or indemnify Circus. Upon cross-motions for judgment on the pleadings,

the trial court granted judgment in favor of Britamco. Abbott appealed, and Circus adopted Abbott's briefs. For the following reasons, we affirm.

In his complaint against Circus, Abbott alleged that he suffered personal injuries when three patrons of Circus, all minors, became intoxicated and beat him severely. Abbott alleged in count I that Circus had breached a duty not to sell alcoholic beverages to minors by selling to the assailants. Count II alleged breach of a duty to provide a safe environment for patrons by failing to eject the three patrons, whom the proprietor knew or should have known were likely to injure other patrons. Count III alleged breach of a duty to comply with the Dramshop Act (235 ILCS 5/1—1 et seq. (West 1992)) by selling alcoholic beverages to the three patrons whereby they became intoxicated.

In its complaint for declaratory judgment Britamco alleged that the company was not obligated to indemnify or defend Circus with regard to Abbott's complaint. Britamco alleged the policy of insurance issued to Circus by Britamco contained a liquor liability exclusion which precluded any obligation to defend Circus as to counts I and III, and an assault and battery endorsement (the endorsement) which precluded any obligation to defend Circus as to count II.

Abbott moved for judgment on the pleadings, pursuant to section 2—615(e) of the Code of Civil Procedure (735 ILCS 5/2—615(e) (West 1992)), alleging that the language in the endorsement (1) is vague, confusing, and ambiguous; (2) does not apply to the cause of action in count II of the underlying complaint; and (3) contradicts public policy in Illinois. In response Britamco denied these allegations and cross-moved for judgment on the pleadings. The trial court granted Britamco's cross-motion. Abbott appealed the trial court's ruling as to the applicability of the endorsement to count II of the underlying complaint. On appeal Abbott argues the endorsement (1) violates the Consumer Fraud and Deceptive Business Practices Act (815 ILCS 505/1 et seq. (West 1992)); (2) is ambiguous and therefore should be interpreted in favor of coverage; and (3) violates public policy by penalizing the insured for attempting to protect patrons. Abbott additionally raises, in his reply brief, a convoluted, imprecise argument to the effect that this court should give weight to the Illinois Insurance Commission's interpretation of a similar clause. Issues raised for the first time in the reply brief do not merit consideration on appeal. In re Liquidations of Reserve Insurance Co. (1988), 122 Ill. 2d 555, 568; Smith v. Intergovernmental Solid Waste Disposal Association (1992), 239 Ill. App. 3d 123, 127.

■ Abbott presents the consumer fraud issue for the first time on appeal. Issues raised for the first time on appeal will not be considered by the reviewing court. *In re Marriage of Sutton* (1990), 136 Ill. 2d 441, 446; *Moehle v. Chrysler Motors Corp.* (1982), 93 Ill. 2d 299, 303; see also 134 Ill. 2d R. 341(e)(7).

Abbott argues that the following language in the policy is ambiguous:

## "ASSAULT & BATTERY ENDORSEMENT

In consideration of the premium charged for the insurance, the policy to which this endorsement is attached, is amended and modified as follows:

Actions and proceedings to recover damages for bodily injury and property damage arising from the following are excluded from coverage, and the Company is under no duty to defend or to indemnify an insured in any action or proceeding alleging such damages:

1. Assault and Battery or any act or omission in connection with the prevention or suppression of such acts;

2. Harmful or offensive contact between or among two or more persons;

3. Apprehension of harmful or offensive contact between or among two or more persons; or

4. Threats by words or deeds. Regardless of degree of culpability or intent and without regard to:

A. Whether the acts are alleged to be by or at the instruction or at the direction of the insured, his officers, employees, agents, or servants; or by any other person lawfully or otherwise, on or near premises owned or occupied by the insured or by any other person;

B. The alleged failure of the insured, or his officers, employees, agents, or servants in the hiring, supervision, retention or control of any person, whether or not an officer, employee, agent or servant of the insured;

C. The alleged failure of the insured or his officers, employees, agents or servants to attempt to prevent, bar or halt any such conduct.

The exclusion applies as well to any claims by any other person, firm or organization, asserting rights derived from, or contingent upon, any person asserting a claim excluded under Clauses A, B, or C (above); specifically excluding from coverage claims for:

1. Emotional distress, or for loss of society, services, consortium and/or income;

2. Reimbursement for expenses (including but not limited to medical expenses, hospital expenses, and wages) paid or incurred by such other person, firm or organization;

3. Any obligation to share damages with or repay someone who must pay damages because of the injury."

Abbott alleges that "confusion grammar and bad English," the failure to define key terms, repetition, and the sheer number of words render the passage ambiguous. A document is ambiguous if it is subject to more than one reasonable interpretation. (*Quake Construction, Inc. v. American Airlines, Inc.* (1990), 141 Ill. 2d 281, 288.) A document is not ambiguous merely because the parties fail to agree upon its meaning. (*First National Bank v. Country Mutual Insurance Co.* (1988), 175 Ill. App. 3d 860, 866.) Nor does ambiguity arise from redundancy (*Thornton v. Illinois Founders Insurance Co.* (1981), 84 Ill. 2d 365, 371) or from prolixity (*Chester v. State Farm Mutual Automobile Insurance Co.* (1992), 227 Ill. App. 3d 320, 325).

█ The endorsement in this case is susceptible to only one reasonable interpretation: the policy does not cover claims arising from an assault or battery, regardless of what name is given to the actions comprising the assault and battery. The endorsement is redundant and prolix, but in no way ambiguous. Where provisions in an insurance policy are clear and unambiguous, a court will apply the provisions as written, giving the words of the policy their plain and ordinary meaning. (*United States Fire Insurance Co. v. Schnackenberg* (1981), 88 Ill. 2d 1, 5.) A court will not strain to find an ambiguity where none exists. (*Schnackenberg*, 88 Ill. 2d at 5.) The meaning here is clear. Britamco is not obligated to defend Circus in an action arising out of an incident in the nature of assault or battery.

"If the complaint alleges facts which bring the claim within the potential indemnity coverage of the policy, the insurer is obligated to defend the action." (*Zurich Insurance Co. v. Raymark Industries, Inc.* (1987), 118 Ill. 2d 23, 52.) If the allegations of the underlying complaint reveal no potential indemnity coverage, the insurer has no duty to defend. (*Conway v. Country Casualty Insurance Co.* (1982), 92 Ill. 2d 388, 393.) Count II alleges that Circus breached a duty to provide Abbott a safe environment by not ejecting the three patrons who attacked and beat him. In the terms of the policy, then, Abbott alleges a "failure of the insured *** to prevent, bar or halt *** harmful or offensive contact."

Illinois case law defines "civil battery" as "the wilful touching of the person of another or a successful attempt to commit violence on the person of another." (*Parrish v. Donahue* (1982), 110 Ill. App. 3d 1081, 1083; see also 3 Ill. L. & Prac. *Assault & Battery* §2 (1953).) In his complaint Abbott alleges that the three patrons "physically attacked [him,] hitting him with their hands and kicking him with their feet on various parts of the body including the head" and that Abbott "was seriously injured." Thus, the facts alleged in count II constitute harmful or offensive contact, as stated in the endorsement, and civil battery as defined by Illinois law.

Furthermore, according to section 12—3(a) of the Criminal Code of 1961 (Code), "A person commits battery if he intentionally or knowingly without legal justification and by any means, (1) causes bodily harm to an individual ***." (Ill. Rev. Stat. 1991, ch. 38, par. 12—3(a) (now 720 ILCS 5/12—3(a) (West 1992)).) Also according to section 12—4(a) of the Code, "A person who, in committing a battery, intentionally or knowingly causes great bodily harm, or permanent disability or disfigurement commits aggravated battery." (Ill. Rev. Stat. 1991, ch. 38, par. 12—4(a) (now 720 ILCS 5/12—4(a) (West 1992)).) In this case, it is undisputed that James A. Easterwood was convicted of aggravated battery for his actions as one of the three patrons referred to in the underlying complaint. The underlying incident, then, fits the definition of criminal battery (aggravated), as an intentional causing of great bodily harm to Abbott. Thus, the underlying incident, by all accounts in the nature of a battery, is not within the indemnity coverage of the policy, and therefore Britamco is not obliged to defend the action or indemnify the insured.

■ Finally, Abbott asserts that the endorsement violates Illinois public policy by penalizing the insured for attempting to protect patrons. According to Abbott, the Premises Liability Act (740 ILCS 130/1 (West 1992)) establishes as public policy a duty upon an owner or occupier to exercise reasonable care toward persons entering onto the property. In fact, the Act establishes no public policy at all, but merely abolishes the common-law licensee/invitee distinction. (740 ILCS 130/2 (West 1992).) Also, although Illinois courts have held tavern owners liable for failing to take reasonable action to protect patrons from foreseeable dangers caused by third persons, the cases cited by Abbott establish a duty, not a public policy. See *St. Phillips v. O'Donnell* (1985), 137 Ill. App. 3d 639; *Hayes v. O'Donnell* (1979), 76 Ill. App. 3d 695; *Lessner v. Hurtt* (1977), 55 Ill. App. 3d 195.

Abbott argues that because the policy of insurance does not indemnify for injuries sustained by the insured while attempting to pro-

tect patrons from third parties, it punishes the insured for complying with the duty to protect and encourages breach of that duty. Abbott cites no genuine authority for the proposition that this duty constitutes a public policy.

Nor does he cite any authority for the proposition that an insurer under an owner/landlord/tenant policy must insure a tavern owner against all potential liability or even against all the regular incidents of tavern ownership. An insurer has the right to limit coverage on a policy, and where an insurer has done so, a court must give effect to the plain language of the limitation, absent a conflict with the law. (*Crosse v. Supreme Lodge Knights & Ladies of Honor* (1912), 254 Ill. 80, 84; *Dreher v. Aetna Casualty & Surety Co.* (1967), 83 Ill. App. 2d 141, 144; see also *Allstate Insurance Co. v. Gonzalez-Loya* (1992), 226 Ill. App. 3d 446.) The policy in this case incorporates some 26 forms and endorsements on the declaration page. Abbott has not established that any part of the policy violates Illinois law.

The law offers no shelter for an insured who does not read the whole policy of insurance issued to it. "Unless he has been misled by some act of the insurer, it is generally held that a person who accepts and retains possession of an insurance policy is bound to know its contents." (*Capps v. National Union Fire Insurance Co.* (1925), 318 Ill. 350, 353; see also *Chabraja v. Avis Rent A Car System, Inc.* (1989), 192 Ill. App. 3d 1074, 1078-79; *Floral Consultants, Ltd. v. Hanover Insurance Co.* (1984), 128 Ill. App. 3d 173, 178.) The appellants have not alleged that Circus did not understand the policy or that Britamco misled Circus as to the contents of the policy.

For the foregoing reasons, the judgment of the circuit court of Lake County is affirmed.

Affirmed.

McLAREN and DOYLE, JJ., concur.