NOTICE
This Order was filed under
Supreme Court Rule 23 and
is not precedent except in the
limited circumstances
allowed under Rule 23(e)(1).

2021 IL App (4th) 210219-U

NO. 4-21-0219

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

| | | |
|---|---|---|
| COUNTRY MUTUAL INSURANCE COMPANY, | ) | Appeal from the |
| Plaintiff-Appellee, | ) | Circuit Court of |
| v. | ) | Ford County |
| BILLY JOE AKERS and KAREN JOSLIN, | ) | No. 19MR22 |
| Defendants | ) | |
| (Karen Joslin, Defendant-Appellant). | ) | Honorable |
| | ) | Matthew John Fitton, |
| | ) | Judge Presiding. |

JUSTICE HARRIS delivered the judgment of the court.
Justices Cavanagh and Steigmann concurred in the judgment.

**ORDER**

¶ 1    *Held*:  The trial court did not err in granting summary judgment to Country Mutual in its
declaratory judgment action.

¶ 2    In May 2019, plaintiff, Country Mutual Insurance Company (Country Mutual),

brought an action for declaratory judgment against defendants, Karen Joslin (Joslin) and Billy

Joe Akers (Akers), seeking a declaration that a certain insurance policy provided no coverage or

gave rise to a duty to defend or indemnify Akers against claims arising from a single-vehicle

accident that caused bodily injury to Joslin. Country Mutual subsequently filed a motion for

summary judgment, which the trial court granted. Joslin appeals, arguing the court erred in

granting Country Mutual's motion because two genuine issues of material fact exist: (1) whether

Akers expected or intended to injure her and (2) whether Akers committed a criminal act, as that term is defined in the policy. We affirm.

¶ 3                        I. BACKGROUND

¶ 4        On May 8, 2019, Country Mutual filed a complaint for declaratory judgment against Akers and Joslin. Country Mutual alleged that on September 9, 2017, Joslin was a passenger in a vehicle operated by Akers when he lost control of the vehicle, "causing it to crash and causing injury to Karen Joslin." Country Mutual further alleged the vehicle was covered under an automobile policy and a "farm umbrella liability policy" at the time of the accident. Country Mutual tendered the $500,000 policy limit under the uninsured motorist coverage of the automobile policy, which Joslin accepted. The subject declaratory judgment action relates only to the farm umbrella policy.

¶ 5        The farm umbrella policy, which was attached as an exhibit to the complaint, states the following, in relevant part:

> "SECTION II—EXCLUSIONS
>
> This policy does not apply to:
>
> ***
>
> B.Bodily injury *** expected or intended by an insured.
>
> ***
>
> D.Bodily injury, personal injury or property damage arising from a criminal act of an insured."

The policy defines a criminal act as an "act or omission for which a law permits or requires a term of imprisonment or sentence of public service duties." Country Mutual alleged both exclusions applied because Akers was (1) "operating [the] vehicle in a manner so that injuries to

*** Joslin were expected or intended by him" and (2) "in the process of committing criminal acts, to wit, aggravated reckless driving with bodily injury and unlawful restraint." Country Mutual requested the trial court enter a declaration that the farm umbrella policy provided no coverage for Akers and gave rise to no duty to defend or indemnify him against claims arising out of the accident. Joslin answered the complaint, denying only that the two exclusions applied to the circumstances.

¶ 6        In March 2020, Country Mutual filed a motion for summary judgment in the underlying declaratory judgment action. Country Mutual attached several exhibits to its motion, including (1) a two-count criminal information filed against Akers in Ford County case No. 18-CF-19, (2) Akers's voluntary waiver of trial and guilty plea in that case, and (3) a sentencing order. According to the exhibits, the State, in March 2019, charged Akers with two Class 4 felonies—aggravated reckless driving (625 ILCS 5/11-503(a)(1) (West 2016)) (count I) and unlawful restraint (720 ILCS 5/10-3(a) (West 2016)) (count II) relating to the subject vehicle accident. Count I alleged that on September 9, 2017, Akers "drove a vehicle *** with a willful and wanton disregard for the safety of persons and in so doing caused great bodily harm to Karen Joslin, the passenger in his vehicle, in that he drove the vehicle at a high rate of speed while in a ditch *** causing the vehicle to fishtail and overturn." Count II alleged that on the same date, Akers "knowingly and without legal authority detained Karen Joslin in that *** while driving a vehicle in which [she] was a passenger in a corn field, [he] refused to allow her to exit the vehicle when she requested." As reflected in the documents, Akers pleaded guilty to both counts and was sentenced to 180 days in jail and 30 months' probation.

¶ 7        Country Mutual also attached, as an exhibit to its summary judgment motion, a negligence complaint Joslin filed against Akers in June 2019. In the complaint, Joslin alleged

that on September 9, 2017, she "was the passenger in a pickup truck driven by *** Akers" when he "lost control of the vehicle *** causing [it] to fishtail, roll into a ditch, overturn and roll into a bean field."

¶ 8        Joslin filed a response in opposition to Country Mutual's motion for summary judgment. With respect to the applicability of the "expected or intended" exclusion, she argued summary judgment was inappropriate because there remained a factual dispute regarding Akers's mental state at the time of the accident. She also suggested Akers may have been intoxicated to the point he "was not able to realize the probable results of his actions." As for the "criminal act" exclusion, Joslin maintained, citing the supreme court's decision in *American Family Mutual Insurance Co. v. Savickas*, 193 Ill. 2d 378, 387 (2000), Country Mutual had failed to satisfy the requirements necessary "to use a criminal conviction to collaterally estop a defendant from contesting the convictions in a subsequent civil proceeding." Joslin also argued the criminal act exclusion was ambiguous and therefore unenforceable. In its reply to the collateral estoppel argument, Country Mutual asserted it did "not need to collaterally estop *** Akers to any specific facts which might underlie his criminal offenses" because it only needed to establish Joslin's injury arose from Akers's "admitted criminal act."

¶ 9        Ultimately, the trial court granted Country Mutual's motion for summary judgment but did so without specifying the basis for its decision.

¶ 10        This appeal followed.

¶ 11                                        II. ANALYSIS

¶ 12        On appeal, Joslin argues the trial court erred in granting Country Mutual's motion for summary judgment because two genuine issues of material fact exist: (1) whether Akers

- 4 -

expected or intended to injure her and (2) whether Akers committed a criminal act, as defined in the farm umbrella policy.

¶ 13        As an initial matter, we note that although Joslin raises her "criminal act" argument second, we find resolution of this issue to be dispositive of the instant appeal and choose to address it first. See, *e.g.*, *Harlin v. Sears Roebuck & Co.*, 369 Ill. App. 3d 27, 31-32, 860 N.E.2d 479, 484 (2006) ("[T]his court may affirm a trial court's grant of summary judgment on any basis apparent in the record.").

¶ 14                            A. Standard of Review

¶ 15        "Summary judgment is appropriate if the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." (Internal quotation marks omitted.) *Irwin Industrial Tool Co. v. Illinois Department of Revenue*, 238 Ill. 2d 332, 339-40, 938 N.E.2d 459, 465 (2010). "A triable issue of fact precluding summary judgment exists where the material facts are disputed or where the material facts are undisputed, but reasonable persons might draw different inferences from those undisputed facts." *Simmons v. Reichardt*, 406 Ill. App. 3d 317, 321, 943 N.E.2d 752, 756 (2010). We review a trial court's decision to grant summary judgment *de novo*. *Id.* at 322.

¶ 16                    B. Whether the "Criminal Act" Exclusion Applies

¶ 17        Joslin argues a genuine issue of material fact exists as to whether Akers committed a "criminal act," as defined in the farm umbrella policy. Specifically, she claims "Country Mutual argues that Akers' criminal convictions should be considered as conclusive evidence, however they failed to satisfy the [collateral estoppel] requirements of *Savickas*." For the following reasons, we disagree with Joslin.

¶ 18          Collateral estoppel is an equitable doctrine that "precludes a party from relitigating an issue decided in a prior proceeding." *Savickas*, 193 Ill. 2d at 387. For the doctrine to apply, three threshold requirements must be satisfied:

> "First, the issue decided in the prior adjudication must be identical with the one presented in the suit in question. Second, there must have been a final judgment on the merits in the prior adjudication. Third, the party against whom estoppel is asserted must have been a party or in privity with a party to the prior adjudication. [Citation.] Additionally, the party sought to be bound must actually have litigated the issue in the first suit and a decision on the issue must have been necessary to the judgment in the first litigation."
> *Id.*

¶ 19          Here, the requirements for application of the doctrine have been satisfied. First, the relevant issue in this case—whether Akers's criminal acts caused Joslin's injuries—is identical to an issue decided in the prior criminal proceeding. Specifically, when he pleaded guilty to aggravated reckless driving, Akers admitted his criminal act "caus[ed] Karen Joslin to suffer head trauma." See *id.* at 388. Second, there was a final judgment on the merits in the criminal proceeding as reflected by the trial court's acceptance of Akers's guilty plea and entry of a judgment of conviction regarding the two felony offenses. Third, Akers was clearly a party to the prior proceeding and, because Joslin's rights against Country Mutual are "wholly derivative" of Akers's rights relative to the farm umbrella policy, she too is bound by his guilty plea in the prior criminal action. *Id.* at 392-93. Accordingly, we find the doctrine of collateral

- 6 -

estoppel applies in the instant declaratory judgment action to preclude Joslin from relitigating the issue of whether Akers's criminal acts caused her injuries.

¶ 20    Moreover, even if we were to find the doctrine of collateral estoppel inapplicable in this case, we would nonetheless find no error occurred in the trial court's granting of summary judgment based on the "criminal act" exclusion. Country Mutual attached as exhibits to its motion for summary judgment a two-count criminal information filed against Akers in Ford County case No. 18-CF-19, Akers's guilty plea to these charges, and Joslin's negligence complaint filed against Akers. As noted above, by pleading guilty to the criminal charges in the prior proceeding, Akers necessarily admitted his criminal act of driving a "vehicle at a high rate of speed while in a ditch" caused Joslin to sustain "great bodily harm." In addition, Joslin alleged in the negligence complaint that she was the passenger in a vehicle driven by Akers when he lost control of the vehicle and caused it to "fishtail, roll into a ditch, overturn[,] and roll into a bean field[,]" and Joslin "then and there sustained severe and permanent injuries" as a result. Joslin failed to rebut *any* of the evidence presented by Country Mutual. Thus, the undisputed facts demonstrate Akers's criminal acts caused Joslin's injuries, and summary judgment was appropriate.

¶ 21    Joslin also argues the farm umbrella policy is ambiguous because "it is not clear which criminal acts would be excluded from coverage." We disagree.

¶ 22    "A document is ambiguous if it is subject to more than one reasonable interpretation." *Britamco Underwriters, Inc. v. J.O.C. Enterprises, Inc.*, 252 Ill. App. 3d 96, 100, 623 N.E.2d 1036, 1039 (1993). "If the words in the policy are clear and unambiguous, the court will afford them their plain, ordinary meaning and will apply them as written." *Bohner v. Ace American Insurance Co.*, 359 Ill. App. 3d 621, 623, 834 N.E.2d 635, 638 (2005). A reviewing

court will only find an exclusion applies where its applicability is "free and clear from doubt." *Id.* "That said, a court will not pervert the plain language of the policy in order to create an ambiguity where none exists." *Id.*

¶ 23            Here, the farm umbrella policy excluded from coverage injuries "arising from a criminal act of an insured." A "criminal act," as defined in the policy, is an "act or omission for which a law permits or requires a term of imprisonment or sentence of public service duties." The undisputed facts in this case demonstrate Akers was convicted of two Class 4 felonies— aggravated reckless driving and unlawful restraint—both of which were punishable by a term of imprisonment of one to three years. See 625 ILCS 5/11-503(a)(1), (c) (West 2016); 720 ILCS 5/10-3(a), (b) (West 2016); 730 ILCS 5/5-4.5-45(a) (West 2016). It is also undisputed the acts Akers committed which gave rise to his two criminal convictions were the same acts from which Joslin's injuries arose. Therefore, it is clear from doubt that the injuries she sustained arose from a "criminal act," as defined in the policy, and the exclusion applies.

¶ 24            In arguing to the contrary, Joslin suggests that under Country Mutual's interpretation of the "criminal act" exclusion, even "minimal traffic infractions" would result in the exclusion of coverage. However, Akers was not convicted of minor traffic offenses. He pleaded guilty to two felony offenses. As correctly stated by Country Mutual, "[t]he fact that some imagined factual scenario might create an ambiguity does not mean any ambiguity exists in enforcing the criminal-act exclusion under the facts of the instant case." See also *Lincoln Logan Mutual Insurance Co. v. Fornshell*, 309 Ill. App. 479, 484-85, 722 N.E.2d 239, 243 (1999) (holding exclusions should not be read in isolation "but with reference to the facts of the case at hand").

¶ 25        Finally, Joslin argues for the first time in her reply brief that the criminal act exclusion at issue is against public policy. However, because she failed to raise this argument in her appellant's brief, it is forfeited, and we decline to address it. Ill. S. Ct. R. 341(h)(7) (eff. May 25, 2018) ("Points not argued [in the appellant's brief] are forfeited and shall not be raised in the reply brief."); see also *Britamco Underwriters, Inc.*, 252 Ill. App. 3d at 98 ("Issues raised for the first time in the reply brief do not merit consideration on appeal.").

¶ 26                                III. CONCLUSION

¶ 27        For the reasons stated, we affirm the trial court's judgment.

¶ 28        Affirmed.